# EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 7, 2021

**BY EMAIL**

Paul A. Calli, Esq.
Calli Law, LLC
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
pcalli@calli-law.com

> Re: *In the Matter of the Search of the Premises Known and Described as 151 Fenimore Road, Apartment 62A, Mamaroneck, New York* **(21 Mag. 10685)**

Dear Mr. Calli:

  The Government writes in response to your letter dated November 6, 2021, sent on behalf of your clients James E. O'Keefe, III, and Project Veritas, concerning a search warrant executed on that same date at the residence of Mr. O'Keefe. The Government provides the following responses as a courtesy, as it is under no obligation to do so.

  First, you request that the Government provide you with a copy of the warrant executed at Mr. O'Keefe's residence. The Government understands that a copy was provided to Mr. O'Keefe at the time of the search. Nevertheless, as a courtesy, please find another copy attached hereto. The Government declines, however, to provide you with a copy of the affidavit submitted to the Court in support of its application for the warrant. Your clients are "not entitled to a preview of the Government's evidence in an ongoing investigation before [they have] been charged with a crime." *In re Search Warrants Executed on Apr. 28, 2021*, No. 21 Misc. 425 (JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021) (denying motion to unseal affidavits submitted in support of warrants because there is "no authority" "for the proposition that the Fourth Amendment (or any other constitutional or statutory provision) gives a person who has not been charged a right to review a search warrant affidavit during an ongoing investigation").

  Second, with regard to potentially privileged materials on the devices seized from Mr. O'Keefe, the warrant contains a provision, with which the Government will comply, that will safeguard any potentially privileged materials, including through the use of a filter process as necessary. As you may know, "[t]he use of a filter team is a common procedure in this District and has been deemed adequate in numerous cases to protect attorney-client communications." *In re Search Warrants Executed on April 28, 2021*, 2021 WL 2188150, at *2 (citing *United States v. Blakstad*, No. 19 Cr. 486 (ER), 2020 WL 5992347, at *8 (S.D.N.Y. Oct. 9, 2020), and *United States v. Ceglia*, No. 12 Cr. 876 (VSB), 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015)); *see*

*also United States v. Avenatti*, No. 19 Cr. 374 (JMF), 2021 WL 4120539, at *4-5 (S.D.N.Y. Sept. 9, 2021) (approving of filter team procedure based on identical provision in search warrant issued for an attorney's electronic devices); *United States v. Winters*, No. 06 Cr. 54 (SWK), 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27, 2006) (proposed use of "'wall Assistant' adequately protects the defendant's asserted privilege"). In undertaking the filter process, the Government would welcome any information your clients wish to provide that may assist the filter team, such as a list of attorneys who have represented your clients.

Similarly, without agreeing that any other privilege or the Privacy Protection Act is applicable to the contents of Mr. O'Keefe's devices, the Government would welcome any information your clients wish to provide that would assist the filter team in identifying the applicable privilege or protection and the materials to which it might theoretically apply.

Third, as to your assertions regarding the Government's compliance with various federal regulations and Justice Manual provisions, the Government hereby confirms that it has complied with all applicable regulations and policies regarding potential members of the news media in the course of this investigation, including with respect to the search warrant at issue.

Finally, you make multiple requests concerning devices, which you state belonged to individuals whom you do not represent, that the Government may have recovered in the course of executing other search warrants at locations that are unrelated to your clients. The Government respectfully declines to engage in correspondence with you or your clients about any such matters.

We are available to confer further regarding any of the foregoing.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: *Robert B. Sobelman* (signature)
        Jacqueline Kelly
        Mitzi Steiner
        Robert B. Sobelman
        Assistant United States Attorneys
        (212) 637-2456/2284/2616

Attachment