# EXHIBIT F

AO 93C (08/18) SDNY Rev. Warrant by Telephone or Other Reliable Electronic Means   ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>the Premises Known and Described as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇. | ) ) ) ) ) ) | **21 MAG 10685**<br>Case No. |
|---|---|---|

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:  Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ___Southern___ District of ___New York___
*(identify the person or describe the property to be searched and give its location)*:

the Premises Known and Described as ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as described in Attachment A-1

The search and seizure are related to violation(s) of *(insert statutory citations)*:

18 U.S.C. §§ 371 (conspiracy to transport stolen property across state lines and conspiracy to possess stolen goods), 2314 (interstate transportation of stolen property), 2315 (possession of stolen goods), 2 (aiding and abetting), 3 (accessory after the fact), and 4 (misprision of felony)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment A-1

**YOU ARE COMMANDED** to execute this warrant on or before ___November 19, 2021___ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  ___11/5/2021  11:18am___         *Sarah Cave*
                                                          *Judge's signature*

City and state:   New York, New York         Hon. Sarah L. Cave, U.S. Magistrate Judge
                                              *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____         _____<br>                                                                                            *Executing officer's signature*<br><br>                                                                   _____<br>                                                                                                 *Printed name and title* |

## ATTACHMENT A-1

### I. Premises to be Searched—Subject Premises

The premises to be searched (the "Subject Premises") are described as follows, and include all locked and closed containers found therein:

An apartment known as unit ▮▮▮▮ in a seven-story apartment building, known as "▮▮▮▮



2019.11.19

## II. Items to Be Seized

### A. Subject Devices

Law enforcement agents are authorized to seize any and all cellphones within the Subject Premises, including, but not limited to, the cellphone that is or was assigned to the call number ▮▮▮▮▮▮ (collectively, the "Subject Devices").

### B. Evidence, Fruits, and Instrumentalities of the Subject Offenses

The items to be seized from the Subject Devices are the following evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 371 (conspiracy to transport stolen property across state lines and conspiracy to possess stolen goods), 2314 (interstate transportation of stolen property), 2315 (possession of stolen goods), 2 (aiding and abetting), 3 (accessory after the fact), and 4 (misprision of felony) (collectively, the "Subject Offenses") for the time period August 1, 2020, up to and including the date on which the Subject Devices are seized, consisting of:

a. Evidence sufficient to establish the user(s) of the Subject Devices at times relevant to the Subject Offenses, such as user-inputted data, access logs, device information, photographs, communications with other individuals or entities that reveal the true identity of the user(s) such as their name, address, telephone number, email address, payment information, and other personally identifiable information.

b. Evidence of communications regarding or in furtherance of the Subject Offenses, such as communications with or relating to Ashley Biden (and representatives thereof) and/or Ashley Biden's family, friends, or associates with respect to her stolen property.

c. Evidence of the location of Ashley Biden's property and the location of the user of the Subject Accounts at times relevant to the Subject Offenses, such as communications that reference particular geographic locations or refer to the property being located in a particular place.

d. Evidence of the identity, locations, knowledge, and participation in the Subject Offenses of potential co-conspirators, such as communications with other individuals—including, but not limited to, Jennifer Kiyak, Tyler Moore, Elaine Ber, Anthony Wray, Jackson Voynick, Leon Sculti, Robert Kurlander, Aimee Harris, Stephanie Walczak, and Elizabeth Fago—about obtaining, transporting, transferring, disseminating, or otherwise disposing of Ashley Biden's stolen property, including but not limited to communications reflecting the knowledge of co-conspirators that the property obtained from Ashley Biden had been stolen, and communications that contain personally identifiable information of co-conspirators and references to co-conspirators' places of residence or locations at particular points in time.

e. Evidence regarding the value of any of Ashley Biden's stolen property, such as communications about the resale or market value of any of the items stolen from her, or any plans to sell or market the same.

f. Evidence of steps taken in preparation for or in furtherance of the Subject Offenses, such as surveillance of Ashley Biden or property associated with her, and drafts of communications

2019.11.19

to Ashley Biden, President Biden, and Ashley Biden's associates regarding her stolen property and communications among co-conspirators discussing what to do with her property.

g.  Evidence reflecting the location of other evidence with respect to the Subject Offenses, such as communications reflecting registration of online accounts potentially containing relevant evidence of the scheme.

### C.  Unlocking Devices with Biometric Features

During the execution of the warrant, law enforcement personnel are authorized to obtain from James E. O'Keefe, III the display of any physical biometric characteristics (such as fingerprint/thumbprint or facial characteristics) necessary to unlock any electronic device(s), including to (1) press or swipe the fingers (including thumbs) of O'Keefe to the fingerprint scanner of the device(s); (2) hold the device(s) in front of the face of O'Keefe to activate the facial recognition feature; and/or (3) hold the device(s) in front of the face of O'Keefe to activate the iris recognition feature, for the purpose of attempting to unlock the device in order to search the contents as authorized by this warrant.

### D.  Review of ESI

Following seizure of any device(s) and/or the creation of forensic image copies, law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the ESI contained therein that was sent, received, posted, created, or otherwise accessed, established, modified, or deleted between the time period August 1, 2020 and the present for information responsive to the warrant.

In conducting this review, law enforcement personnel may use various techniques to locate information responsive to the warrant, including, for example:

- surveying various file "directories" and the individual files they contain (analogous to looking at the outside of a file cabinet for the markings it contains and opening a drawer believed to contain pertinent files);

- opening or cursorily reading the first few "pages" of such files in order to determine their precise contents;

- scanning storage areas to discover and possibly recover recently deleted files or deliberately hidden files;

- performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are intimately related to the subject matter of the investigation; and

3

2019.11.19

- reviewing metadata, system information, configuration files, registry data, and any other information reflecting how, when, and by whom the computer was used.

Law enforcement personnel will make reasonable efforts to search only for files, documents, or other electronically stored information within the categories identified above in this Attachment. However, law enforcement personnel are authorized to conduct a complete review of all the ESI from seized devices or storage media if necessary to evaluate its contents and to locate all data responsive to the warrant.

* * *

Review of the items described in this Attachment shall be conducted pursuant to established procedures designed to collect evidence in a manner reasonably designed to protect any attorney-client or other applicable privilege (to the extent not waived). When appropriate, the procedures shall include use of a designated "filter team," separate and apart from the investigative team, in order to address potential privileges.

4

2019.11.19