

**CALLI LAW, LLC**
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

November 15, 2021

**BY EMAIL**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    In re Search Warrant dated November 5, 2021, 21 MAG 10685 (AT)

Dear Judge Torres:

    Government leaks plague the government's diary investigation. The government's leaks place at risk the attorney-client privileged materials and First Amendment-protected newsgathering, source, and donor information found on the cellphones that the government seized from journalist James O'Keefe. On November 12, 2021, the New York Times published several Project Veritas legal compliance memoranda authored by Project Veritas's outside counsel. We believe these attorney-client privileged memoranda were on Mr. O'Keefe's seized phones. Additionally, the government previously leaked information about its diary investigation and Project Veritas to the New York Times. The government's prior leaks demonstrate that our concern about whether the government will respect Project Veritas's privileges is not speculative; it is concrete. We request that the Court direct the government to:

>    (1) Inform the Court if the government – including the FBI or any other governmental agency– leaked Project Veritas's attorney-client privileged memoranda to the New York Times;
>
>    (2) Identify who at the government is responsible for the previous leaks about Project Veritas and the government's diary investigation to the New York Times; and
>
>    (3) Confirm the foregoing on the record.

**The Attorney-Client Privileged Compliance Memoranda Leaked to New York Times**

    On November 11, 2021, this Court issued an order at 2:13 PM requiring the government to confirm by November 12, 2021 that it had "paused its extraction and review of the contents of Petitioner O'Keefe's phones." Within hours, New York Times reporters Michael Schmidt, Adam

1

Goldman, and Mark Mazzetti published an article publicly revealing attorney-client privileged communications between news outlet Project Veritas (of which James O'Keefe is founder and President) and its outside counsel (who are among the signatories to the November 10, 2021 Motion to Appoint a Special Master pending before this Court). These compliance memoranda provide legal guidance about which investigative journalism practices are permissible, and which are impermissible, under relevant federal statutes.

We believe these compliance memoranda were on one of the cellphones that the government seized from Mr. O'Keefe. We know that the government previously leaked information about Project Veritas and the government's diary investigation to the New York Times. These facts compel us to request that the Court require the government to inquire of those at the United State Attorney's Office, the FBI and any other law enforcement agency involved in the diary investigation to confirm on the record that the government was not (or was) the source of the leaked attorney-client privileged materials to the New York Times.

Our concern about such leaks is heightened because the New York Times is Project Veritas's adversary in pending civil litigation – Project Veritas sued the New York Times in Supreme Court, Westchester County, and has defeated the New York Times' motion to dismiss. *See Project Veritas v. New York Times Co.,* Case No. 63921/2020, 2021 WL 2395290 (N.Y. Sup. March 18, 2021) (Wood, J.) (order denying New York Times' motion to dismiss). The leak of attorney-client privileged materials seized while executing a search warrant at the home of a journalist is egregious. Leaking those attorney-client privileged materials to a party's adversary shocks the conscience. It is vital that the Court require the government to investigate and confirm whether anyone employed by or associated with the government leaked such materials and violated Project Veritas's privileges.

**The Risks are Not Speculative, The Risks are Concrete: Someone at the Government Previously Leaked Information about Project Veritas and the Government's Diary Investigation to the New York Times**

The government leaked news about the execution of its diary investigation search warrants to the New York Times. On November 4, 2021, at about the same time that FBI agents finished searching the home of a former Project Veritas journalist, a New York Times reporter contacted one of the former journalists and sent the following inquiry to Mr. O'Keefe:

[Remainder of Page Intentionally Left Blank]



When the New York Times ran a story about the November 4, 2021 searches, it included information that could only have come from someone at the government under the cone of secrecy attendant to any grand jury investigation, stating, "The Trump administration Justice Department, then led by Attorney General William P. Barr, opened an investigation into the matter shortly after a representative of the Biden family reported to federal authorities in October 2020 that several of Ms. Biden's personal items had been stolen in a burglary, according to two people briefed on the matter." *See* Michael Schmidt et al., *People Tied to Project Veritas Scrutinized in Theft of Diary from Biden's Daughter*, N.Y. TIMES, Nov. 5, 2021, *available at* https://www.nytimes.com/2021/11/05/us/politics/project-veritas-investigation-ashley-biden-diary.html.

The government also leaked to the New York Times the news of the search warrant it executed at Mr. O'Keefe's home. Shortly after execution of that warrant, Mr. O'Keefe received the following message from Michael Schmidt, a New York Times reporter:



Notably, the reporters who published the government's prior leaks, Michael Schmidt and Adam Goldman, are the same reporters who published Project Veritas's privileged compliance memoranda on November 11, 2021 after this Court issued its order.

**Conclusion**

The New York Times' repeated use of information demonstrably leaked to it by the government renders the New York Times little more than the government's press secretary. While the New York Times itself may refuse to admit the source of Project Veritas's leaked attorney-client privileged compliance memoranda because the three operatives writing the "news" stories are "journalists" obliged to protect their "sources," it is the government to whom the Court should pose the important question as to who leaked such materials to the New York Times.

James O'Keefe and Project Veritas request entry of an order requiring the government to: (1) inquire and confirm on the record whether someone employed by or associated with the government leaked Project Veritas's attorney-client privileged memoranda to the New York Times (regardless of whether that person is someone at the United States Attorney's Office, the FBI, or another governmental agency involved in the government's diary investigation); and (2) provide the identity of the source who previously leaked information Project Veritas to the New York Times.

By:   /s/ Paul A. Calli
Paul A. Calli
Florida Bar No. 994121
Chas Short
Florida Bar No. 70633
CALLI LAW, LLC
14 NE 1st Ave, Suite 1100
Miami, FL 33132
Telephone: (786) 504-0911
Facsimile (786) 504-0912
PCalli@Calli-Law.com
CShort@Calli-Law.com

*Pro Hac Vice Motions Pending*

By:  s/ Harlan Protass
Harlan Protass
PROTASS LAW PLLC
260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: 212-455-0335
hprotass@protasslaw.com

/s/ Benjamin T. Barr                /s/ Stephen R. Klein
Benjamin Barr                        Stephen R. Klein
BARR & KLEIN PLLC            Bar No. 177056

444 N. Michigan Avenue Ste. 1200  
Chicago, IL 60611  
Telephone: (202) 595-4671  
Ben@barrklein.com

BARR & KLEIN PLLC  
1629 K St. N.W., Ste. 300  
Washington, DC 20006  
Telephone: (202) 804-6676  
steve@barrklein.com

*Pro Hac Vice Motion to Be Filed Forthwith*