

CALLI LAW, LLC
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

November 19, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>In re Search Warrant Dated November 5, 2021, Case No. 21-MC-00813 (AT)</u>

Dear Judge Torres:

    We represent James O'Keefe and Project Veritas in the referenced matter. We request an extension of the return date for the grand jury subpoena *duces tecum* issued to Project Veritas to a date following resolution of the currently pending motions.

    The subpoena was emailed on November 4, 2021. The return date is November 24, 2021. Intervening events, including three search warrants executed on the founding journalist of this news organization, render the return date implausible.

    As detailed in our Motion to Appoint a Special Master (Docket No. 10), on November 4, 2021, the government executed search warrants at the residences of two former Project Veritas journalists and issued a grand jury subpoena to Project Veritas, returnable twenty (20) days later. Not content with executing such search warrants (which resulted in the seizure of both newsgathering materials and potentially attorney-client privileged information belonging to Project Veritas) and even after issuing compulsory process for still more information protected by the First Amendment and the attorney-client privilege (the grand jury subpoena issued to Project Veritas), at 6:00 am on Saturday, November 6, 2021 – two days later – the government executed a third search warrant at the home of Project Veritas founder James O'Keefe.

    Two principal reasons warrant extension of the return date on the grand jury subpoena issued to Project Veritas.

    *First*, the Motion to Appoint a Special Master presents extensive authority demonstrating that the government's seizure or compelled production of newsgathering materials violates the First Amendment, the Privacy Protection Act and the government's own regulations concerning the use of process, orders or warrants to obtain information from members of the news media. Also pertinent are the arguments made by the Reporters Committee for the Freedom of the Press

in its November 15, 2021 application to unseal the affidavit and other materials underlying the warrant executed at Mr. O'Keefe's residence. The Court's resolution of these important constitutional and statutory issues will inform Project Veritas's determination as to whether it will move to quash or comply (in whole or in part) with the government's grand jury subpoena (or whether the government will negotiate the voluntary rather than compelled production of documents as contemplated by 28 C.F.R § 50.10(c)(4)(iv)(A)). Thus, an extension of the grand jury subpoena return date furthers judicial economy as the Court's rulings could result in the additional litigation.

*Second*, significant overlap exists between the search warrants' description of the materials subject to seizure and the grand jury subpoena's description of documents to be produced. Information stored on the electronic devices seized from Mr. O'Keefe's home will contain much— if not the majority— of the information responsive to the grand jury subpoena. No legitimate investigative purpose is served by requiring Project Veritas to produce documents in response to the grand jury subpoena that the government already seized from Mr. O'Keefe.

Should the Court grant the Motion to Appoint a Special Master, undersigned counsel, as officers of the Court, will work diligently with the Special Master to facilitate the identification of materials seized by the government that: (i) fall within the search warrants' description of documents that may be seized; (ii) are protected from disclosure by the attorney-client privilege; (iii) are protected from disclosure by the First Amendment; and (iv) responsive materials (if any) that are neither privileged nor otherwise protected. If the Court grants the Motion to Appoint a Special Master, counsel for Project Veritas will be able to meet and confer with the government regarding whether any documents exist that are responsive to the grand jury subpoena but not included in the materials identified by the Special Master. Allowing time for completion of this process serves efficiency interests that all parties, and the Court, should share.

Project Veritas requests that the Court extend the return date for the grand jury subpoena *duces tecum* to thirty (30) days after the Court adjudicates the last of the motions pending before the Court.

We conferred extensively with counsel for the government. The government opposes an extension. The government believes that despite the overlap of issues, this motion should be filed as a different and new Part I matter.

Thank you for your consideration and attention to this matter.

Respectfully submitted,

CALLI LAW, LLC

By: _____/s/_____
Paul A. Calli
Charles P. Short

<div style="margin-left:50%">

14 NE 1st Avenue
Suite 1100
Miami, FL 33132
T. 786-504-0911
F. 786-504-0912
pcalli@calli-law.com
cshort@calli-law.com

*Admitted Pro Hac Vice*

Harlan Protass
PROTASS LAW PLLC
260 Madison Avenue
22nd Floor
New York, NY 10016
T. 212-455-0335
F. 646-607-0760
hprotass@protasslaw.com

*Counsel for James O'Keefe, Project Veritas and Project Veritas Action Fund*

</div>

| | |
|---|---|
| Benjamin Bar<br>BARR & KLEIN PLLC<br>444 N. Michigan Avenue<br>Suite 1200<br>Chicago, IL 60611<br>T. 202-595-4671<br>ben@barrklein.com<br><br>*Admitted Pro Hac Vice* | Stephen R. Klein<br>BARR & KLEIN<br>1629 K Street, NW<br>Suite 300<br>Washington, DC 20006<br>T. 202-804-6676<br>steve@barrklein.com<br><br>*Admitted Pro Hac Vice* |

cc:     All Counsel of Record (via ECF)