

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 21, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

    The Government respectfully submits this letter in response to James E. O'Keefe, III, and Project Veritas's letter motion dated November 19, 2021 (Dkt. No. 33) seeking production of the sealed affidavit (the "Affidavit") that was submitted in support of the issuance of the search warrant dated November 5, 2021 (S.M. Mot. Ex. F.).[1]  For the following reasons, the motion should be denied.

    O'Keefe and Project Veritas's request for production of the Affidavit, which contains no citation to legal authority, is entirely baseless.  As the Government previously explained to O'Keefe and Project Veritas (*see* S.M. Mot. Ex. B at 1), they are "not entitled to a preview of the Government's evidence in an ongoing investigation before [they have] been charged with a crime." *In re Search Warrants Executed on April 28, 2021*, No. 21 Misc. 425 (JPO), 2021 WL 2188150, at *3 (S.D.N.Y. May 28, 2021) (denying motion to produce affidavits submitted in support of search warrants because there is "no authority" "for the proposition that the Fourth Amendment (or any other constitutional or statutory provision) gives a person who has not been charged a right to review a search warrant affidavit during an ongoing investigation").  Uncharged parties are not entitled to production of an affidavit submitted in support of a search warrant because there is no legal mechanism for them to challenge the Court's probable cause determination.  *See, e.g.*, *id.* at *2 ("any pre-indictment suppression motion would be premature"); *Doane v. United States*, No. 08 Mag. 17 (HBP), 2009 WL 1619642, at *9 (S.D.N.Y. June 5, 2009) (petitioner's motion to suppress was not "ripe for adjudication" because "[n]o criminal charges have been brought").

    The Government's references to the Affidavit in its opposition to the motion for appointment of a special master do not change the analysis, nor do O'Keefe and Project Veritas

---

[1] "Mot." refers to O'Keefe and Project Veritas's letter motion dated November 10, 2021 (Dkt. No. 33) and "S.M. Mot." refers to O'Keefe and Project Veritas's letter motion dated November 15, 2021 (Dkt. No. 1).

cite to any legal authority suggesting that they do. This Court addressed an analogous situation in *United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796 (S.D.N.Y. Dec. 14, 2020). There, non-parties to a criminal case sought production of a sealed affidavit that had been submitted *ex parte* in support of a post-indictment restraining order, which the non-parties sought to challenge. This Court denied the non-parties request for production of the sealed affidavit, holding that "law enforcement interests" weighed against production because the affidavit "provide[d] more details regarding the Government's investigation than is contained in the indictment or is publicly known, including the full scope and nature of the investigation, the identities of individuals and entities who may be implicated, and further details about the evidence collected thus far." *Id*. at *12. This Court recognized that such "information, if disclosed, could hamper the investigation." *Id*. In addition, this Court held that disclosure of the sealed affidavit also was not appropriate because its contents "would implicate the privacy interests of uncharged individuals and entities." *Id*. (citing *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

Here, there is an even more compelling case for denying production of the Affidavit than there was in *Kolfage*. As in *Kolfage*, the Government's grand jury investigation is ongoing. But unlike in *Kolfage*, no public charges have been filed in connection with this investigation. The Affidavit contains a detailed description of certain non-public investigative steps and evidence gathered in the investigation, and it identifies numerous subjects and witnesses. Disclosure of the Affidavit to O'Keefe and Project Veritas, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓,[2] would introduce a substantial risk of compromising the secrecy and integrity of the Government's ongoing grand jury investigation. *See Kolfage*, 2020 WL 7342796, at *12 ("Where an investigation is 'ongoing,' and the sealed document identifies subjects and the extend of the investigation, '[c]ompelling reasons exist to maintain the secrecy of the Government's investigation.'" (quoting *United States v. Park*, 619 F. Supp. 2d 89, 94 (S.D.N.Y. 2009)).[3]

Moreover, O'Keefe and Project Veritas—not the Government—initiated the litigation before this Court. It would be against the interests of justice to allow individuals or entities ▓▓▓ ▓▓▓▓▓▓▓▓, simply by initiating motion practice, to obtain a preview of the evidence collected as part of that investigation before any public charges have been filed. Doing so would undermine the secrecy of the grand jury, frustrate law enforcement interests, and vitiate the privacy interests of the witnesses and uncharged individuals involved.

---

[2] In order to protect the Government's ongoing grand jury investigation and the privacy interests of an uncharged individual and entity, the Government has redacted certain non-public information in the publicly filed version of this letter. *See Amodeo*, 71 F.3d at 1050-51.

[3] The Government described the law enforcement and privacy interests in additional detail in its memorandum of law (Dkt. No. 35, at 6-11), which is hereby incorporated by reference, submitted in opposition to a motion to unseal the Affidavit, which is pending before the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York.

For the foregoing reasons, O'Keefe and Project Veritas's motion should be denied.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: /s/
        Jacqueline Kelly
        Robert B. Sobelman
        Mitzi Steiner
        Assistant United States Attorneys
        (212) 637-2456/2616/2284