

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 21, 2021

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

    The Government respectfully submits this letter in response to Project Veritas's letter motion dated November 19, 2021 (Dkt. No. 27) to extend the return date for the grand jury subpoena *duces tecum* served on Project Veritas on November 4, 2021, to 30 days after the Court adjudicates the last of the other, unrelated motions pending before the Court. For the following reasons, the motion should be denied.

    **I.**    **Factual Background**

    On October 27, 2021, counsel for Project Veritas informed the Government by letter that, among other things, it "believe[d] that [the United States Attorney's Office for the Southern District of New York] is conducting an investigation regarding a matter about which Project Veritas has material and helpful information." In that letter, counsel for Project Veritas further stated: "I am authorized to accept any letter or subpoena from the Department of Justice by email, on behalf of [Project Veritas and James E. O'Keefe, III]."

    On November 4, 2021, the Government served by email counsel for Project Veritas with a subpoena *duces tecum* (the "Subpoena") seeking two narrow and specific categories of documents, for a limited timeframe, bearing a return date of November 24, 2021. That same day, counsel for Project Veritas confirmed receipt. (*See* S.M. Mot. at 4 (acknowledging that counsel for Project Veritas "had accepted service of a grand jury subpoena directed to Project Veritas") (emphasis omitted).)[1]

    On November 9, 2021, the Government conferred by telephone with counsel for Project Veritas regarding the Subpoena's return date. The Government offered to extend the return date

---

[1] "Mot." refers to Project Veritas's letter motion dated November 19, 2021 (Dkt. No. 27) and "S.M. Mot." refers to O'Keefe and Project Veritas's letter motion dated November 10, 2021 (Dkt. No. 1).

and accept rolling productions if Project Veritas confirmed that it intended to comply with the Subpoena. Project Veritas declined to do so.

On November 10, 2021, Project Veritas and O'Keefe filed a motion for appointment of a special master to review the materials seized from O'Keefe's residence pursuant to a search warrant. In that motion, Project Veritas and O'Keefe expressed an interest in proceeding with what they characterized as "traditional document-collection" pursuant to the Subpoena. (S.M. Mot. 4.)

On November 16, 2021, the Government again conferred by telephone with counsel for Project Veritas regarding the Subpoena's return date. The Government reiterated its offer to extend the return date and accept rolling productions if Project Veritas confirmed that it intended to comply with the Subpoena. Project Veritas again declined to do so.

On November 18, 2021, counsel for Project Veritas inquired by email of the Government's position on a potential motion to "extend the grand jury subpoena deadline, until 30 days after the Court rules on the pending motions." In response, the Government again reiterated: "[A]s we have stated multiple times on telephone calls, we remain willing to be flexible on the return date and accept productions on a rolling basis if you represent that your client will comply with the subpoena." Project Veritas did not do so.

On November 19, 2021, Project Veritas filed the instant motion. (Dkt. No. 27.)

**II.  Discussion**

Project Veritas's motion to extend the return date of the Subpoena lacks any basis in fact or in law. First, the Court lacks the legal authority to grant the requested relief. Second, even if the Court had the authority to extend the return date of a subpoena, Project Veritas has failed to demonstrate entitlement to such extraordinary relief. Accordingly, the motion should be denied.

**A. The Court Lacks Legal Authority to Extend a Grand Jury Subpoena's Return Date**

The relief sought by Project Veritas has no basis in law and therefore cannot be granted. Project Veritas's motion does not suggest otherwise: it cites no legal authority and includes no discussion of what rule, statute, or other legal authority might permit the Court to alter the return date of a grand jury subpoena.

A federal grand jury holds a "unique role in our criminal justice system." *United States v. R. Enters., Inc.*, 498 U.S. 292, 297 (1991). "The function of the grand jury is to inquire into all information that might possibly bear on its investigation until it has identified an offense or has satisfied itself that none has occurred." *Id*. A "grand jury investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." *Branzburg v. Hayes*, 408 U.S. 665, 701 (1972) (internal quotation marks omitted). "In accordance with its broad mandate to investigate possible criminal activity, a federal grand jury has few limitations placed on its subpoena powers," *In re Matter of*

*Dillon*, 824 F. Supp. 330, 332 (W.D.N.Y. 1992) (citing *R. Enters, Inc.*, 498 U.S. at 297-98), and its authority to subpoena witnesses and documents is zealously protected, *see, e.g.*, *Branzburg*, 408 U.S. at 668; *United States v. Dionisio*, 410 U.S. 1, 17-18 (1973); *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238, 248-49 (2d Cir. 1985).[2]

As a general matter, there is no legal basis for a court to alter the return date of a grand jury subpoena.[3] Moreover, such an action would invade the unique role and carefully protected province of the grand jury. The motion should be denied on this basis alone.

### B. Project Veritas Has Failed to Establish Entitlement to an Extension of the Grand Jury Subpoena's Return Date

Project Veritas's motion invokes no rule, statute, or any other legal authority as a basis for its request, and therefore it is unclear what legal standard it believes should apply. Nevertheless, under any standard, Project Veritas's request is meritless.

First, Project Veritas argues that the resolution of the pending motion for appointment of a special master will somehow resolve "important constitutional and statutory issues" that will "inform" whether Project Veritas may move to quash the subpoena. (Mot. 2.) This argument is speculative and unpersuasive. As the Court is aware, the sole issue raised in the motion for appointment of a special master is only whether a special master should be appointed to conduct a filter review of the materials seized in search warrants executed at three residences. That decision is neither one of a constitutional or statutory dimension. Moreover, whether the Court grants or denies the request to appoint a special master has no relevance to the production of materials responsive to the Subpoena because the Subpoena expressly provides that Project Veritas may withhold from production any documents protected by a valid claim of any applicable privilege.[4]

---

[2] Under Rule 17(c), the Court may, "[o]n motion made promptly, [] quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Project Veritas has not moved to quash and does not claim that compliance with the Subpoena would be either unreasonable or oppressive. (*See* Mot. 2 (referencing Project Veritas's future "determination as to whether it will move to quash").)

[3] In *United States v. Bergstein*, 302 F. Supp. 3d 580, 583 (S.D.N.Y. 2018), the court extended the return date of a grand jury subpoena—without addressing whether it had the legal authority to do so—in response to a motion to quash, as a less harsh alternative to quashing where there were concerns about the potential misuse of a grand jury subpoena in a charged case nearing trial. The circumstances presented here have no similarity to *Bergstein*, which itself offers no legal justification for the relief it granted, because, among other reasons, there are no publicly filed charges, the Subpoena was not issued on the eve of a trial, and a motion to quash has not been filed.

[4] The Subpoena states: "This subpoena does not call for the production of any documents protected by a valid claim of privilege, although any responsive document over which privilege is being asserted must be preserved. Any documents withheld on grounds of privilege must be specifically identified on a privilege log with descriptions sufficient to identify their dates, authors, recipients, and general subject matter."

This method of compliance involves no filter procedure whatsoever. Accordingly, Project Veritas's response to the Subpoena, whether it be by compliance or litigation, has no connection with its pending motion to appoint a special master to review seized materials.

Second, Project Veritas suggests that there might be "significant overlap" between the seized materials and the documents sought in the Subpoena. (Mot. 2.) Even if accurate, this provides no basis for delay, because whether or not a special master is engaged in a review of seized materials has no effect on the ongoing grand jury process. In any event, Project Veritas's claim is false: Project Veritas has numerous employees, well beyond the three individuals at whose residences search warrants were executed. Indeed, two of the individuals at whose residences search warrants were executed, Eric Cochran and Spencer Meads, are *former* employees, whose electronic devices may not have been within their former employer's possession, custody, or control for the purposes of the Subpoena. In addition, the Government has reason to believe that Project Veritas has numerous documents and other materials responsive to the Subpoena that almost certainly would not be contained on the devices seized. Project Veritas conceded as much in its letter dated October 27, 2021, asserting that it has "material and helpful information" concerning the Government's investigation.

Finally, as explained above, the Government has repeatedly offered to be flexible about the Subpoena's return date if Project Veritas confirms that it will comply with the requests therein. Project Veritas has repeatedly declined to do so, and similarly declines in its motion here to represent that it will comply. There is no basis to permit Project Veritas to unilaterally avoid engaging with compulsory grand jury process while frustrating the fulfillment of the grand jury's unique function. *See Branzburg*, 408 U.S. at 701.

### III.     Conclusion

For the foregoing reasons, Project Veritas's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By: /s/
Jacqueline Kelly
Robert B. Sobelman
Mitzi Steiner
Assistant United States Attorneys
(212) 637-2456/2616/2284