

**CALLI LAW, LLC**
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

November 22, 2021

**BY EMAIL**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    <u>In re Search Warrant dated November 5, 2021</u>, Case No. 21-MC-00813 (AT)

Dear Judge Torres:

    Project Veritas regrets that it must turn to the Court for the resolution of a housekeeping matter that ordinarily is resolved between prosecutors and defense counsel acting in good faith. Extensions of time to respond to grand jury subpoenas are, in the experience of undersigned counsel, routine. For reasons known only to the prosecutors, they are demanding compliance with the grand jury subpoena *duces tecum* issued to Project Veritas on November 4, 2021, within the 20-day period prescribed in the subpoena. The prosecutors' refusal to extend the return date is all the more remarkable given that the government seized many, if not the majority, of the responsive documents when it executed a search warrant at the home of Project Veritas founder James O'Keefe just two days after issuing the subpoena. *See* November 19, 2021 Motion for Extension of Time [DE 27] at 1.

    The government opposes Project Veritas's Motion on two grounds. First, the government contends—without citation to legal authority—that **the Court "lacks legal authority"** to extend grand jury subpoena return dates. *See* November 21, 2021 Government Opposition to Motion for Extension of Time ("Gov't Opp.) [DE 37] at 2. The notion that the federal judiciary does not have authority to supervise the activities of grand juries would likely surprise the Chief Judges of the ninety-four judicial districts who regularly perform that very function.

    It is well settled that the grand jury is an arm of the court and acts only under the authority and supervision of the Court. *See, e.g.* Levine v. United States, 362 U.S. 610, 617 (1960) "[t]he grand jury is an arm of the court"); *In re Long Visitor*, 523 F.2d 443, 446-47 (8th Cir. 1975), *In re Gompman*, 531 F.2d 262, 266 (5th Cir. 1976) ("[a] grand jury must exercise its powers under the authority and supervision of the court."). "A grand jury is clothed with great independence in many areas, but it remains an appendage of the court, powerless to perform its investigative function without the court's aid." *Brown v. United States,* 359 U.S. 41, 49 (1958). Reading the Government's Opposition leaves one with the impression that the government believes the grand

jury is an "appendage" of the Office of the United States Attorney for the Southern District of New York.

The government's contention that the Court lacks authority to extend the return date of a grand jury subpoena not only is inconsistent with the above-cited legal authority, the contention also cannot be reconciled with the government's acknowledgment that the Court has authority to "quash or modify" a grand jury subpoena under Fed. R. Crim. P. 17(c). [DE37] at 3 n.2. What Project Veritas seeks here is a modification of the subpoena term that specifies a 20-day return date. Contrary to the government's claim that Project Veritas has not argued that compliance would be "unreasonable" under the existing term, *see id*., in fact Project Veritas demonstrated in its Motion for Extension that the existing return date is unreasonable in two respects.

**First,** the government's requirement that Project Veritas commit to complying with the subpoena as a condition to extending the return conflicts with the interest in judicial economy. Forcing Project Veritas to move to quash the subpoena now, before the Court has addressed the significant First Amendment, attorney-client privilege, and statutory issues presented in Project Veritas' Motion for Appointment of a Special Master [DE 1], will add yet another matter to this Court's busy docket. A ruling appointing a special master, however, should motivate the government to negotiate the voluntary rather than compelled production of documents as DOJ regulations contemplate. *See* 28 C.F.R § 50.10(c)(4)(iv)(A)). The government claims that it somehow knows the Court's ruling will not have any "constitutional or statutory dimension." [DE 37] at 3. Undersigned counsel does not claim similar powers of prognostication but is hopeful that the Court will address the substantial constitutional and statutory issues Project Veritas has cited that require the government to be excluded from the process of reviewing the documents it has seized.

*Second*, Project Veritas demonstrated that the grand jury subpoena is unreasonable insofar as it requires the production of documents that the government *has already seized*. [DE 27] at 2. The government claims that it somehow knows that this is not the case, [DE 37] at 4, a surprising statement given that the government has represented that it ceased extraction and processing of the seized data on November 10, 2021. *See* November 12, 2021 Order. In an attempt to hedge its bets, the government also argues—again, with no citation to legal authority—that it is entitled to the production of documents already in its possession. That position is, we submit, patently unreasonable.

One final point. The grand jury subpoena contains lengthy technical specifications for the production of electronically stored information. The specifications are cumbersome and time consuming.

The government concludes by claiming that Project Veritas is seeking to "unilaterally avoid engaging with compulsory grand jury process while frustrating the fulfillment of the grand jury's unique function." [DE 37] at 4. In truth, Project Veritas has engaged with the government on multiple occasions to obtain the courtesy of an extension of the subpoena return date and, because of the government's apparent hostility, has been forced to seek aid of the Court. There is nothing unilateral about Project Veritas' actions, and it is understandably frustrated about having to involve the Court in a matter normally worked out by counsel.

Respectfully submitted,

CALLI LAW, LLC

By: /s/ _____
    Paul A. Calli
    Charles P. Short
14 NE 1st Avenue
Suite 1100
Miami, FL 33132
T. 786-504-0911
F. 786-504-0912
pcalli@calli-law.com
cshort@calli-law.com

*Admitted Pro Hac Vice*

Harlan Protass
PROTASS LAW PLLC
260 Madison Avenue
22nd Floor
New York, NY 10016
T. 212-455-0335
F. 646-607-0760
hprotass@protasslaw.com

*Counsel for James O'Keefe, Project Veritas and Project Veritas Action Fund*

| | |
|---|---|
| Benjamin Bar<br>BARR & KLEIN PLLC<br>444 N. Michigan Avenue<br>Suite 1200<br>Chicago, IL 60611<br>T. 202-595-4671<br>ben@barrklein.com<br><br>*Admitted Pro Hac Vice* | Stephen R. Klein<br>BARR & KLEIN<br>1629 K Street, NW<br>Suite 300<br>Washington, DC 20006<br>T. 202-804-6676<br>steve@barrklein.com<br><br>*Admitted Pro Hac Vice* |

cc:   All Counsel of Record (via ECF)