

**CALLI LAW, LLC**
One Flagler Building, Suite 1100
14 Northeast 1ˢᵗ Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

November 22, 2021

**VIA ECF**

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>In re Search Warrant Dated November 5, 2021, Case No. 21-MC-00813 (AT)</u>

Dear Judge Torres:

On behalf of Project Veritas and James O'Keefe, we file this reply in support of our motion to require the government to investigate and disclose the source of its leaks to the New York Times. It is clear that the government leaked information about the government's investigation to the Times, which is Project Veritas's opponent in on-going civil litigation.

The government's response fails to rebut the fact that it leaked information about when its investigation began to the New York Times. This leak was the government's pre-emptive effort to begin seeding its media allies with the argument that even though the government's investigation revolves around President Biden's daughter's abandoned diary (or other abandoned personal effects), the government's investigation is somehow politically unbiased. As we observed in our motion:

> When the New York Times ran a story about the November 4, 2021 searches, it included information that could only have come from someone at the government under the cone of secrecy attendant to any grand jury investigation, stating, **"The Trump administration Justice Department, then led by Attorney General William P. Barr, opened an investigation into the matter shortly after a representative of the Biden family reported to federal authorities in October 2020 that several of Ms. Biden's personal items had been stolen in a burglary, according to two people briefed on the matter."** *See* Michael Schmidt et al., *People Tied to Project Veritas Scrutinized in Theft of Diary from Biden's Daughter*, N.Y. TIMES, Nov. 5, 2021, *available at* https://www.nytimes.com/2021/11/05/us/politics/project-veritas-investigation-ashley-biden-diary.html.

(Docket No. 13) at 3 (emphasis added). This is a confirmed government leak to Project Veritas's litigation opponent, and the government's response does not rebut or even acknowledge this

confirmed leak. *Compare* (Docket No. 29) at 24.[1] Shame on the government for its incorrect claim that our motion to require it to investigate and disclose its leaks is based on "pure speculation, with absolutely no evidence . . . ." This is an indisputable (and not disputed by the government -- just ignored) instance of the government leaking information about its investigation.

Someone at the government also tipped off New York Times reporters to the execution of the search warrants in this matter. While the agents were still at the home of a former Project Veritas journalist executing a search warrant, or just after they had left, a New York Times reporter contacted Mr. O'Keefe to seek comment (and also contacted the former journalist). (Docket No. 13) at 2-3. And just hours after the execution of a subsequent search warrant at Mr. O'Keefe's home, the same New York Times reporter sent a message to Mr. O'Keefe again. *Id.* at 3. It is the government which indulges in speculation as to how the same reporter at the same outlet, which happens to be litigation against Project Veritas, managed to get this information so fast:

> As O'Keefe and Project Veritas well know, however, the Government approached multiple individuals as part of the investigation prior to the execution of the search warrants.

(Docket No. 29) at 24. The government thus makes the extraordinary suggestion that (1) it told at least one of "multiple individuals" it had "approached" of the exact time and day it would be executing search warrants on the homes of other individuals, and (2) that at least one of those "multiple individuals" informed the New York Times of the same. If the government's suggestion is serious, then the government should **willingly** investigate its leaks. Or at least advise Project Veritas and the Court which of the "multiple individuals" it "approached" and informed of forthcoming search warrants. That appears straightforward.

The government also suggests:

> In addition, neighbors within the apartment buildings of all three residences upon which the search warrants were executed heard and observed law enforcement agents carrying out their duties.

*Id.* It strains credibility past the breaking point to suggest that some media-connected neighbor of the former journalist, and some media-connected neighbor of James O'Keefe's, somehow both knew to contact the same reporter at the same outlet. It is a near certainty that the government was the one who spoon-fed this information to a favored reporter whom it knew would be hostile to Project Veritas.

With these three government leaks in mind (one leak unrebutted by the government's response, two leaks where the government speculates about unlikely alternative hypotheses), we turn to the leak of Project Veritas's attorney-client privilege memoranda to the New York Times. The New York Times published several of Project Veritas's attorney-client privileged compliance memoranda within hours of the Court's November 11, 2021, Order requiring the government to pause its extraction. We believe these compliance memoranda were on one of the cell phones that the government seized from Mr. O'Keefe. Our concern is heightened because prior to the filing of

---

[1] Our citations reference the CM/ECF system's pagination.

our motion to appoint a special master, the government represented to the undersigned that it would 'pause substantive review – but not technical extraction' of the materials contained on Mr. O'Keefe's phones, upon filing of our motion. We believe that the government continued extraction after we filed our motion, because it had declined to voluntarily pause extraction. It was only after the Court ordered the government to pause extraction, that the government informed us that it paused extraction. Our concern is likewise predicated on the government's three prior leaks to the New York Times. It is well-founded, not speculative. If the government is not responsible for leaking these attorney-client privileged memoranda to the New York Times, it should lay our concern to rest by providing a full explanation of what data it had extracted, when it stopped the extraction, and what materials if any it reviewed.

Accordingly, we request that the Court direct the government to:

(1) Inform the Court if the government – including the FBI or any other governmental agency – leaked Project Veritas's attorney-client privileged memoranda to the New York Times;

(2) Identify who at the government is responsible for the previous leaks about Project Veritas and the government's diary investigation to the New York Times; and

(3) Confirm the foregoing on the record.

Respectfully submitted,

CALLI LAW, LLC

/s/
By: _____
    Paul A. Calli
    Charles P. Short
14 NE 1st Avenue
Suite 1100
Miami, FL 33132
T. 786-504-0911
F. 786-504-0912
pcalli@calli-law.com
cshort@calli-law.com

*Admitted Pro Hac Vice*

Harlan Protass
PROTASS LAW PLLC
260 Madison Avenue
22nd Floor
New York, NY 10016
T. 212-455-0335

F. 646-607-0760
hprotass@protasslaw.com

*Counsel for James O'Keefe,*
*Project Veritas and Project*
*Veritas Action Fund*

Benjamin Bar
BARR & KLEIN PLLC
444 N. Michigan Avenue
Suite 1200
Chicago, IL 60611
T. 202-595-4671
ben@barrklein.com

*Admitted Pro Hac Vice*

Stephen R. Klein
BARR & KLEIN
1629 K Street, NW
Suite 300
Washington, DC 20006
T. 202-804-6676
steve@barrklein.com

*Admitted Pro Hac Vice*

cc:     All Counsel of Record (via ECF)

4