USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/8/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Search Warrant dated November 5, 2021, | 21 Misc. 813 (AT) |
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) |
| In re Search Warrant dated November 3, 2021, | 21 Misc. 825 (AT) |

**ORDER**

ANALISA TORRES, District Judge:

Before the Court are three motions for an order appointing a special master to review the contents of electronic devices seized by the Federal Bureau of Investigation ("FBI") from Petitioners James O'Keefe, Eric Cochran, and Spencer Meads. O'Keefe Mot. I, 21 Misc. 813, ECF Nos. 1, 10; Cochran Mot., 21 Misc. 819, ECF No. 8; Meads Mot., 21 Misc. 825, ECF No. 8. Project Veritas and O'Keefe also seek an order directing the Government to investigate and provide information to the Court as to alleged leaks of information about the underlying investigation in this matter. O'Keefe Mot. II, 21 Misc. 813, ECF No. 13. For the reasons stated below, Petitioners' motions are GRANTED in part and DENIED in part.

## BACKGROUND

Petitioners are all current or former employees of Project Veritas. During the first week of November 2021, the Honorable Sarah L. Cave issued search warrants authorizing the seizure

of evidence from Petitioners' homes, all of which are located in New York state.[1]  Cochran Mot. Ex. A, 21 Misc. 819, ECF No. 8-1; Meads Mot. Ex. A, 21 Misc. 825, ECF No. 8-1; O'Keefe Mot. I Ex. F, 21 Misc. 813, ECF No. 10-6.  On November 4, 2021, the FBI recovered certain electronic devices from Cochran's and Meads' residences.  Cochran Mot. Ex. B, 21 Misc. 819, ECF No. 8-2; Meads Mot. Ex. A at 13.  On November 6, 2021, the FBI recovered two cellphones from O'Keefe's home.  O'Keefe Mot. I at 2.

## DISCUSSION

I.   Special Master

The Court shall not consider arguments related to the validity of the search warrants because that issue is not before the Court.

It is within the discretion of a district court to appoint a special master to review materials collected pursuant to a search warrant.  *See United States v. Stewart*, No. 02 Cr. 396, 2002 WL 1300059, at *4 (S.D.N.Y. June 11, 2002).  Courts in this district have appointed special masters pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) and pursuant to their "inherent and equitable powers and authority."  *See, e.g.*, *In re Search Warrants Executed on April 9, 2018*, No. 18 Mag. 3161 (S.D.N.Y. Apr. 13, 2018), ECF No. 30 at 1.  Generally, a filter team at the United States Attorneys' Office for this district—a separate group of attorneys and agents who are walled off from the investigative team—is deployed when there are concerns about the investigative team accessing privileged materials.  The filter team conducts a review of the seized materials for responsiveness and privilege.  *See In re Search Warrants Executed on April 28, 2021*, No. 21 Misc. 425, 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021).  Even in

---

[1] Cochran requests access to the affidavits supporting issuance of the warrant pertaining to him and Meads.  Cochran Reply at 1, 21 Misc. 819, ECF No. 10.  For the reasons stated in the Court's order dated November 23, 2021, *In re Search Warrant Dated November 5, 2021*, No. 21 Misc. 813, ECF No. 42, the request is DENIED.

complex situations, courts have found that the appointment of a special master is not warranted because "the filter team process adequately safeguards the attorney-client privilege and the constitutional rights of the search subjects[.]" *Id.* But, courts have exercised their discretion to appoint a special master in situations in which it is necessary to ensure "the perception of fairness." *Id*. at *4; *see also Stewart*, 2002 WL 1300059, at *8.

The Court recognizes, as other courts in this district have concluded, that "the Southern District prosecutors have integrity and decency," and the filter team alone could conduct the review "with utmost integrity." *In re Search Warrants Executed on April 9, 2018*, No. 18 Mag. 3161 (S.D.N.Y. May 2, 2018), ECF No. 38 at 8; *see also United States v. Grant*, No. 04 Cr. 207, 2004 WL 1171258, at *3 (S.D.N.Y. May 25, 2004). However, the Court determines that the appointment of a special master is warranted here because "it is important that the procedure adopted . . . not only be fair but also appear to be fair." *Stewart*, 2002 WL 1300059, at *8. In light of the potential First Amendment concerns that may be implicated by the review of the materials seized from Petitioners, the Court finds that the appointment of a special master will "help[] to protect the public's confidence in the administration of justice." *Id*.

Accordingly, the Court appoints the Honorable Barbara S. Jones (retired) as special master (the "Special Master"). The Court finds that the Special Master is not subject to disqualification pursuant to Federal Rule of Civil Procedure 53(a)(2) or 28 U.S.C. § 455. The Special Master shall oversee the review of the materials seized from Petitioners. The structure of the review process shall be as follows:

1. The Government shall complete extraction of the materials from Petitioners' devices. The Government shall provide the extracted materials to the Special Master.

2. The Special Master shall expeditiously conduct an initial review of the extracted materials to determine what materials are responsive to the search warrants. To

assist with the Special Master's review, the Government shall provide the Special Master, on an *ex parte* basis, with a copy of the search warrants executed on Petitioners, the underlying application materials for those search warrants, and any other information that will assist the Special Master in conducting her review. If the Special Master determines that the efficient administration of her duties requires the assistance of additional professionals, support staff, or expert consultants, she may submit a work proposal to the parties, who will have five business days to submit comments, after which time the Special Master may then submit the proposal to the Court for consideration.

3. Materials deemed to be responsive to the search warrants shall be provided by the Special Master to the filter team, which shall be walled off from the investigative team working on matters related to the investigation that is the subject of the search warrants or any investigation related to Petitioners.

4. The filter team shall conduct a review of the responsive materials to determine if any should be withheld from the investigative team on any grounds—including grounds related to any First Amendment concerns, journalistic privileges, and attorney-client privileges.

5. After the filter team conducts its review, Petitioners shall review the materials slated to be released to the investigative team and raise any objections. The Special Master shall rule on any objections and provide the proper materials to the investigative team.

6. The parties shall confer with the Special Master regarding compensation and expenses. The Special Master shall submit a proposal for the Court's approval as to the procedures for paying the Special Master's compensation and expenses.

7. Additional duties may be assigned to the Special Master by the Court in subsequent orders, upon notice to the parties and opportunity to be heard with regard to those additional duties.

8. The Special Master shall have the full authority set forth in Federal Rule of Civil Procedure 53(c).

9. As an agent and officer of the Court, the Special Master and those working at her direction shall enjoy the same protections from being compelled to give testimony and from liability for damages as those enjoyed by other federal judicial adjuncts performing similar functions.

10. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, the Court directs the Special Master to proceed with all reasonable diligence.

11. The Special Master shall be discharged or replaced only upon an order of this Court.

12. The parties and their successors in office, agents, and employees will observe faithfully the requirements of this Order and cooperate fully with the Special Master in the performance of her duties.

13. The Court reserves the right to remove the Special Master if the Court finds that the parties are not expeditiously completing this work.

II.     Alleged Leaks

Project Veritas and O'Keefe request that the Court order the Government to conduct a search for alleged leaks related to the Government's investigation. O'Keefe Mot. II at 1. Petitioners do not provide a legal basis for their request or allege that the Government violated any specific rule, law, or policy. *See generally*, *id*. Accordingly, the request is DENIED.

## CONCLUSION

For the reasons stated above, Petitioners' motions are GRANTED in part and DENIED in part.

SO ORDERED.

Dated: December 8, 2021
New York, New York

ANALISA TORRES
United States District Judge