**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER
**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
LYNETTE CLEMETSON
*University of Michigan*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
GAIL GOVE
*NBCUniversal*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
*New York, New York*
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, ret.*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
JUDY WOODRUFF
*PBS/The NewsHour*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, ret*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*
*Affiliations appear only for purposes of identification.*

January 5, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:** *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres,

The Reporters Committee for Freedom of the Press hereby respectfully submits the following in support of its Objections, ECF No. 49, to the Magistrate Judge's Opinion and Order of December 7, 2021, ECF No. 47 ("Order"), and in reply to the Government's letter response to those Objections dated January 3, 2022, ECF No. 53 ("Response"). Though the Government has expressly declined to file—and thus has waived—a "detailed point-by-point response" to the Objections, *see* Resp. at 1, fn. 1, it makes two arguments in its short letter Response that warrant a reply.

First, the Government's characterization of the Reporters Committee's Objections as "an attempt to publicly challenge 'the showing made by the Government to obtain the November 5, 2021 search warrant'" is wrong. Resp. at 1. The Reporters Committee sought to unseal the Search Warrant Materials here—as it has done in other high-profile matters—so that the press and public will have access to the underlying judicial documents in a matter of significant public interest that implicates potential First Amendment and other concerns. *See, e.g.*, Objs. at 12–13 (highlighting the public's legitimate

interest in knowing whether (and how) the Government's warrant application addressed the Privacy Protection Act ("PPA"), 42 U.S.C. § 2000aa *et seq.*); *see also, e.g.*, Tr. 7:2–22, ECF No. 45.  Certainly, as detailed in the Objections, that O'Keefe and Project Veritas have claimed (publicly) and the Government has denied (publicly), including in filings to this Court, that the searches conducted by the Government were improper underlines the public's strong interest in access to the Search Warrant Materials, and undercuts the Government's claimed need for continued, wholesale sealing of those judicial documents.  *See* Objs. at 1–2, 12–14.  But the Reporters Committee has not "challenge[d]"—let alone asked the Court to issue any ruling on—the "validity of the search warrants" executed at the residences of O'Keefe and his associates.  Resp. at 1.

Second, while the Government may "disagree" with the Order's conclusion that a strong common law presumption of access attaches to the Search Warrant Materials, Resp. at 2 (citing *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *3–4), it did not timely object to that finding.  The Government thus has waived any such objection.  *See* Fed. R. Crim. Proc. 59(a)-(b) (requiring, for both dispositive and nondispositive matters, parties to serve and file any objections within 14 days and stating that "[f]ailure to object in accordance with this rule waives a party's right to review").

In any event, the Government is incorrect to suggest that the Second Circuit "held" in *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("*Amodeo II*") that "as to documents for which 'filing with the court . . . is generally under seal,' such as search warrant applications, the [common law] presumption of access is, at best, a weak one."  Resp. at 2.  *Amodeo II* did not address the weight of the presumption of access to be accorded search warrant applications or related filings, and that decision—including

the dicta cited by the Government—supports the Magistrate Judge's conclusion that the common law presumption of access applicable here is "strong[,]" given "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Amodeo II*, 71 F.3d at 1049–50. Moreover, contrary to the Government's unsupported assertion, and as detailed in the Reporters Committee's Objections, search warrant applications are indeed "usually filed with the court and are generally available" post-execution, *id.*, which not only underscores application of a strong common law presumption of access, but also supports application of the First Amendment presumption of access. *See* Objs. at 17–19.

For the reasons set forth in its Objections and herein, the Reporters Committee respectfully requests that the Court set aside those portions of the Order to which the Reporters Committee has objected and order the Search Warrant Materials immediately unsealed, with redactions if necessary. Alternatively, at a minimum, the Reporters Committee requests that the Order be modified to require the Government to move to unseal the Search Warrant Materials immediately upon the conclusion of its investigation and to keep the Court apprised of the status of its investigation in the interim.

Respectfully submitted,

*/s/Katie Townsend*
Katie Townsend
THE REPORTERS COMMITTEE
FOR FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, DC 20005
Phone: 202.795.9300
Facsimile: 202.795.9310
ktownsend@rcfp.org

*Counsel of Record for the Reporters Committee for Freedom of the Press*