

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 11, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *In re Search Warrant dated November 5, 2021*, **21 Misc. 813 (AT)**
> *In re Search Warrant dated November 3, 2021*, **21 Misc. 819 (AT)**
> *In re Search Warrant dated November 3, 2021*, **21 Misc. 825 (AT)**

Dear Judge Torres:

The Government respectfully submits this letter to object to the Special Master's Report and Recommendation ("R&R") dated December 28, 2021 (Dkt. No. 51, 21 Misc. 813 (AT); Dkt. No. 13, 21 Misc. 819 (AT); Dkt. No. 14, 21 Misc. 825 (AT)), in which the Special Master recommended that the Government should bear half of the cost of the Special Master's compensation and expenses.  For the reasons set forth below, the Court should require that James E. O'Keefe, III, Eric Cochran, Spencer Meads, and Project Veritas (the "Petitioners") bear the full cost of the Special Master's compensation and expenses.

The Special Master's compensation and expenses may be paid, as relevant here, "by a party or parties."  Fed. R. Civ. P. 53(g)(2)(A).  The Court's allocation of payment for the Special Master's compensation and expenses is governed by Rule 53(g)(3) of the Federal Rules of Civil Procedure, which provides, in pertinent part: "The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master."

On December 14, 2021, the Special Master held an initial videoconference with the parties, during which the allocation of payment for the Special Master's compensation and expenses was discussed.  (R&R at 1.)  During that conference, the Government requested that the Special Master propose that her compensation and expenses be paid by the Petitioners, while the Petitioners sought to impose those costs upon the Government.  (*See id.*)  On December 16, 2021, the Special Master recommended to the Court that "the [P]etitioners should together be responsible for the payment of 50% of the Special Master's compensation and expenses, while the Government should be responsible for the remaining 50%."  (*Id.* at 2.)

In light of the circumstances presented, the Petitioners should bear the full cost of the Special Master's compensation and expenses, principally because they are "responsible . . . for the reference to a master." Fed. R. Civ. P. 53(g)(3). The Petitioners moved for the appointment of the Special Master and the Government opposed. In granting the Petitioners' motion, "the Court recognize[d], as other courts in this district have concluded, that 'the Southern District prosecutors have integrity and decency,' and the filter team alone could conduct the review 'with utmost integrity.'" *In re Search Warrant dated November 5, 2021*, No. 21 Misc. 813 (AT), 2021 WL 5845146, at *2 (S.D.N.Y. Dec. 8, 2021) (quoting *In re Search Warrants Executed on April 9, 2018*, No. 18 Mag. 3161 (S.D.N.Y. May 2, 2018), Dkt. No. 38 at 8)). Indeed, the review protocol prescribed by this Court provides for an active and important role for the Government's filter team. *See id*. ("The filter team shall conduct a review of the responsive materials to determine if any should be withheld from the investigative team on any grounds—including grounds related to any First Amendment concerns, journalistic privileges, and attorney-client privileges."). The benefit of additional oversight of the review process by the Special Master accrues principally to the Petitioners, not to the Government, and therefore they should bear the cost accordingly.

The Government anticipates that the vast majority of the Special Master's compensation and expenses will be incurred by her "initial review of the extracted materials to determine what materials are responsive to the search warrants." *Id*. As the Court is aware, a responsiveness review typically is undertaken, after any necessary filter review is completed, by law enforcement agents and prosecutors on the investigative team. However, a filter team also may be involved in conducting a responsiveness review in appropriate circumstances. Whether conducted by a filter team or an investigative team, the cost to the Government of conducting a responsiveness review using its own personnel is drastically lower than employing a Special Master and her staff. Here, the Court has found that a filter team could ably serve the same role as the Special Master. *See id*. As a result, the Government should not be held responsible for the higher cost of the Special Master's review process.[1]

Recent prior allocations of Special Master costs in this District are consistent with the Government's request that the Petitioners bear the full cost of the Special Master in this matter. In the matter involving Rudolph Giuliani, the Government requested the appointment of a Special Master, and agreed to shoulder the full burden of the Special Master's compensation accordingly. In both of the two matters referenced by the Special Master (*see* R&R at 2), the matter involving Michael Cohen in this District and another matter in the Central District of California, the Government consented to the appointment of a Special Master, and agreed to share the cost of the Special Master's compensation. Here, by contrast, the Government opposed the appointment of a Special Master and has accordingly requested that the Petitioners bear the full cost of the Special Master.

---

[1]     To the extent O'Keefe and Project Veritas appear to suggest that Project Veritas does not have sufficient funds to contribute to the Special Master's compensation because it is an organization merely "armed with a cell phone and a web site" (Dkt. No. 52 at 2, 21 Misc. 813 (AT) (internal quotation omitted)), the Government notes that its most recent, publicly available tax filings—for tax year 2019—show more than $12 million in revenue, of which nearly $400,000 was paid as compensation to O'Keefe. *See Project Veritas*, ProPublica, https://projects.propublica.org/nonprofits/organizations/272894856 (last viewed Jan. 11, 2022).

 

Finally, regardless of whether the Court accepts the Special Master's proposed allocation of payments, this Court should reject the suggestion by Petitioners James E. O'Keefe, III, and Project Veritas that because "[a] interim allocation may be amended to reflect a decision on the merits," Fed. R. Civ. P. 53(g)(3), judgment should be reserved about which party shall ultimately bear the cost of the Special Master's duties. (*See* Dkt. No. 52 at 2, 21 Misc. 813 (AT).) The issues that O'Keefe and Project Veritas express interest in litigating are not and will not be before this Court or the Special Master. The Special Master's duties are limited to "oversee[ing] the review of materials seized from Petitioners," *In re Search Warrant dated November 5, 2021*, 2021 WL 5845146, at *2, and this Court has already rejected the Petitioners' attempts to challenge the search warrants in this proceeding, *id.* at *1 ("The Court shall not consider arguments relating to the validity of the search warrants because that issue is not before the Court."). (*See* Gov't Mem. in Opp'n to Special Master at 2 n.2, 14 n.10, 19 n.14 (Dkt. No. 29, 21 Misc. 813 (AT).) Accordingly, in the context of this proceeding, there is no impending "decision on the merits" for the Court to potentially evaluate at a later time.

In sum, the Court should require that Petitioners pay the full cost of the Special Master's compensation and expenses, and deny O'Keefe and Project Veritas's request for an "interim allocation."

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: *Robert B. Sobelman*
    Jacqueline Kelly
    Robert B. Sobelman
    Mitzi Steiner
    Assistant United States Attorneys
    (212) 637-2456/2616/2284

Cc (by ECF):
    Paul A. Calli, Esq.
    Charles P. Short, Esq.
    Harlan Protass, Esq.
    Benjamin Barr, Esq.
    Stephen Klein, Esq.
    Adam S. Hoffinger, Esq.
    Steven E. Harrison, Esq.
    Brian Dickerson, Esq.
    Eric Franz, Esq.