USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Search Warrant dated November 5, 2021, | 21 Misc. 813 (AT) |
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) |
| In re Search Warrant dated November 3, 2021, | 21 Misc. 825 (AT) |

**ORDER**

ANALISA TORRES, District Judge:

On December 28, 2021, Special Master Barbara S. Jones issued a report and recommendation (the "R&R") as to procedures for paying the Special Master's compensation and expenses in the above-captioned matters. R&R, 21 Misc. 813, ECF No. 51. Special Master Jones recommended that Petitioners together be responsible for 50% of the Special Master's compensation and expenses, and the Government be responsible for the remaining 50%. *See generally id.* The parties subsequently filed objections to the R&R. *See* 21 Misc. 813, ECF Nos. 52, 55, 57; 21 Misc. 819, ECF Nos. 14, 15; 21 Misc. 825, ECF Nos. 15, 16. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

Petitioners James O'Keefe, Eric Cochran, and Spencer Meads are current or former employees of Project Veritas. O'Keefe Mot. I at 1, No. 21 Misc. 813, ECF No. 10; Cochran

---

[1] The Court presumes familiarity with the facts and procedural history of these matters as set forth in its order appointing the Special Master, and only summarizes these facts briefly here. Special Master Order at 1–2, No. 21 Misc. 813, ECF No. 48.

Mot. at 1, No. 21 Misc. 819, ECF No. 8; Meads Mot. at 1, No. 21 Misc. 825, ECF No. 8.  On November 4 and 6, 2021, the Federal Bureau of Investigation executed search warrants at O'Keefe's, Cochran's, and Meads' residences.  O'Keefe Mot. I at 2; Cochran Mot. at 1; Meads Mot. at 1.

Petitioners subsequently filed motions for the appointment of a special master.  O'Keefe Mot.; Cochran Mot.; Meads Mot.  On December 8, 2021, the Court granted Petitioners' motions in part, and appointed the Honorable Barbara S. Jones as Special Master.  Special Master Order at 3, No. 21 Misc. 813, ECF No. 48.

## DISCUSSION

Federal Rule of Civil Procedure 53(g)(3) requires the Court to allocate payment among the parties after considering the "nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to the master."  Having considered these factors, the Court finds that the Special Master's proposal to evenly allocate payment between the parties is fair, reasonable, and in accordance with prior special master assignments in this district.  *E.g.*, *In the Matter of Search Warrants Executed on April 9, 2018*, ECF No. 79, No. 18 Misc. 3161 (S.D.N.Y. June 13, 2018).  The parties cite no authority compelling a contrary finding.

Petitioners ask the Court to enter this allocation order on an interim basis because they believe "the completed record" will demonstrate that the Government's seizure of electronic devices from Petitioners exceeded the "content and . . . particularity requirements of the warrants" authorizing the search.  *E.g.*, No. 21 Misc. 813, ECF No. 52 at 2.  Rule 56(g)(3) allows for an interim allocation to be entered and ultimately amended to reflect a decision on the merits.  Fed. R. Civ. P. 56(g)(3).  However, as the Court has already made clear, the issue of the validity

of the search warrants is not before the Court, and, therefore, there is no impending decision on the merits in this action that compels the entry of an interim allocation order. Special Master Order at 2. Accordingly, Petitioners' request is DENIED.

The Government objects to the R&R, arguing that Petitioners should bear the full cost of the Special Master's compensation and expenses because they moved for the appointment of the Special Master, and are, therefore, "responsible . . . for the reference to a master." No. 21 Misc. 813, ECF No. 55 at 2 (quoting Fed. R. Civ. P. 53(g)(3)). But, the Court did not appoint the Special Master solely because Petitioners requested it. As the Court explained in its order, the Court appointed the Special Master to ensure that the "procedure adopted . . . not only be fair but also appear to be fair," and to "protect the public's confidence in the administration of justice." Special Master Order at 3 (citing *United States v. Stewart*, No. 02 Cr. 396, 2002 WL 1300059, at *8 (S.D.N.Y. June 11, 2002)). In the absence of any joint agreement between the parties to the contrary, an equal allocation of the Special Master's costs and expenses similarly ensures the fairness of this procedural mechanism. Accordingly, the Government's objections are OVERRULED.

Accordingly, as set forth in the R&R, Petitioners together are responsible for the payment of 50% of the Special Master's compensation and expenses. The Government shall be responsible for the remaining 50%. Barring any other arrangement among Petitioners, they shall each be responsible for one-third of their 50% share. The Special Master shall submit draft itemized invoices to the parties each month. The parties shall have a five-day period to review and comment on the draft invoices, after which time, the Special Master shall submit a final itemized statement to the Court. The Court shall then determine whether the statement is reasonable, and if so, direct the parties to pay the amount set forth in the final itemized statement.

The parties shall remit their respective allocated amounts to the Special Master no later than 30 calendar days following the Court's approval.

## CONCLUSION

For the reasons stated above, the Court ADOPTS the R&R in its entirety. Procedures for the Special Master's compensation and expenses shall comport with this Order and the procedures set forth in the R&R.

SO ORDERED.

Dated: February 18, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge