

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 23, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

    The Government respectfully submits this letter in response to James E. O'Keefe, III, and Project Veritas's (the "Movants") letter motion dated March 22, 2022 (Dkt. No. 64 ("Mot.")). Despite the motion's bluster, the Movants cite no legal authority to justify the relief they seek, because there is none, and the accusations of Government misconduct are baseless. Put simply, the Government did not mislead the Court, and the subjects of a grand jury investigation are not entitled to information about that investigation or to dictate how the Government should conduct that investigation during its pendency. Instead, the Movants can raise these issues if there is an indictment filed charging them in connection with the investigation, or they can seek civil relief if they believe they have a claim of a constitutional or statutory violation that provides for individual rights of action against the Government. The Government does not respond to each and every accusation in the Movants' letter both because now is not the juncture to litigate these issues and because doing so would impair the integrity of the ongoing grand jury investigation.[1] For the following reasons, the motion should be denied.

    *First*, the Movants ask the Court to restrain the Government from accessing, reviewing, or using data obtained pursuant to duly authorized subpoenas for subscriber information, court orders for non-content information issued pursuant to 18 U.S.C. § 2703(d), and judicially-authorized search warrants for email account contents issued pursuant to 18 U.S.C. §§ 2703(a)-(c). (Mot. 2.) The orders for non-content information issued pursuant to § 2703(d), as well as the search warrants issued pursuant to §§ 2703(a)-(c), were each approved and authorized by United States Magistrate Judges in the Southern District of New York, and with respect to the search warrants, were issued after a Magistrate Judge determined that there was probable cause to believe that the accounts contained evidence or instrumentalities of a federal crime. Contrary to the Movants' allegations, there is nothing improper about the Government's use of judicially-authorized warrants and other

---

[1] In addition, many of the accusations in the letter re-hash matters already responded to by the Government in previous filings in this litigation.

legal process during the pendency of a covert grand jury investigation. Moreover, the Movants offer no legal authority or analysis explaining how or why this Court may grant the relief sought aside from generic references to the Court's "supervisory powers, inherent authority, and Fed. R. Crim. P. 41(g)." (Mot 2.)

Indeed, there is no legal basis for such relief. The materials referenced by the Movants were obtained pursuant to duly authorized legal process that are not subject to challenge by the Movants in this pre-indictment stage. *See In re Search Warrant dated Nov. 5, 2021*, No. 21 Misc. 813 (AT), 2022 WL 500919, at *1 (S.D.N.Y. Feb. 18, 2022) ("as the Court has already made clear, the issue of the validity of the search warrants is not before the Court, and, therefore, there is no impending decision on the merits in this action"); *In re Search Warrant dated Nov. 5, 2021*, No. 21 Misc. 813 (AT), 2021 WL 5845146, at *1 (S.D.N.Y. Dec. 8, 2021) ("The Court shall not consider arguments related to the validity of the search warrants because that issue is not before the Court."); *In re Search Warrants Executed on Apr. 28, 2021*, 21 Misc. 425 (JPO), 2021 WL 2188150, at *2 (S.D.N.Y. May 28, 2021) ("any pre-indictment suppression motion would be premature at this juncture"). Thus, the Movants' claims about the alleged overbreadth of the warrants (Mot. 5-6) are premature. Moreover, the Government's review of the materials referenced by the Movants was completed months ago, before the Movants initiated this Part I matter in November 2021, providing further reason why the Movants' claims are not appropriately litigated in this forum. *See, e.g.*, *In re Search Warrants Executed on Apr. 28, 2021*, 2021 WL 2188150, at *2 (denying pre-indictment motion to "return" to movants the "results from earlier search warrants of [movants'] iCloud and email accounts" because, among other reasons, "the review of the [earlier] warrant returns is now largely complete").

To the extent the Movants rely upon Rule 41(g) of the Federal Rules of Criminal Procedure (Mot. 2), it is inapplicable in this context. At issue is subscriber data obtained by subpoena and non-content and content information for email accounts obtained pursuant to the Stored Communications Act (the "SCA"), 18 U.S.C. § 2703. Rule 41(g), by its terms, does not apply either to subpoenaed records or data obtained pursuant to the SCA. *See, e.g.*, *In re the Matter of the Application of the U.S. for a Search Warrant*, 665 F. Supp. 2d 1210, 1217 (D. Or. 2009) (agreeing that the substantive provisions of Rule 41, including motions for return of property under Rule 41(g), are not adopted by § 2703(a)); *In re Search of Yahoo, Inc.*, No. 07 Misc. 3194 (MB), 2007 WL 1539971, at *6 (D. Ariz. May 21, 2007) (concluding that because "Rule 41(g) and (h) discuss 'Motion[s] to Return Property' and 'Motion[s] to Suppress'" they "do not contain any procedures relevant to issuing a search warrant" and therefore "do not apply to the issuance of a warrant under § 2703(a)"). In any event, nothing in Rule 41(g) provides a basis for a court to issue an order, as the Movants request, restraining the Government from accessing and reviewing evidence obtained pursuant to judicially-authorized legal process during the pendency of a grand jury investigation. And of course, there is "nothing improper or unlawful" about the Government's retention of copies of the materials it obtained pursuant to judicially-authorized legal process, including "pursuant to search warrants, based on probable cause," given that the Government's "investigation is ongoing" and the Government retains a "legitimate interest" in retaining any such property. *In re Search Warrants Executed on Apr. 28, 2021*, 2021 WL 2188150, at *3.

*Second*, the Movants seek pre-indictment discovery regarding the process used to review the materials referenced by the Movants, the identities of those who participated in that process,

and the identities of third parties on which other legal process may have been served in the course of the investigation. (Mot. 2.) The Movants cite no legal authority in support of these requests, and the Government is aware of no authority that would entitle the Movants to such information at this stage of an ongoing grand jury investigation. Last year, Judge Oetken denied a similar request where the circumstances were materially the same: in the course of a multi-year, covert investigation, the Government obtained electronic data pursuant to judicially-authorized search warrants issued under 18 U.S.C. § 2703, the Government had reviewed that electronic data prior to the overt execution of search warrants for electronic devices, and a Special Master was appointed to oversee the review of the contents of the electronic devices (but not the electronic data obtained previously). Specifically, Judge Oetken ruled:

> Giuliani and Toensing also seek pre-indictment discovery of the Government's privilege and responsiveness designations in connection with the 2019 warrants [obtained covertly, pursuant to 18 U.S.C. § 2703]. They cite no legal authority for this request, and the Court is aware of none. If there is a criminal proceeding, any defendants will be entitled to discovery under Rule 16. There is no basis for compelling the Government to produce this information now, during an ongoing grand jury investigation.
>
> Finally, the Court sees no legal basis for Toensing's request for detailed information about the filter team review process, at least at the pre-charge phase of this matter.

*In re Search Warrants Executed on Apr. 28, 2021*, 2021 WL 2188150, at *2. The circumstances confronted by Judge Oetken are indistinguishable from those presented here. The Movants offer no authority contrary to Judge Oetken's ruling, and the Government is aware of none. To the extent the Movants may potentially be entitled at some point to the disclosures that they seek, any such entitlement would only be triggered, if at all, by the filing of an indictment charging them in connection with the investigation, and not before.[2] In the event of a criminal proceeding, as Judge Oetken noted, they would have the opportunity to litigate any privilege or suppression issues, but they cannot do so during the pre-indictment phase of an ongoing grand jury investigation.

*Third*, the Movants characterize as improper the Government's efforts to protect the secrecy of covert steps taken in the course of the Government's ongoing grand jury investigation. (*See* Mot. 1-2.) The Supreme Court has "recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). "Among other things, if matters relating to grand jury proceedings become public, prospective witnesses may be deterred from testifying, those who do testify may be less likely to do so truthfully, targets of investigations may flee," and the privacy rights of uncharged persons would be affected. *United States v. Haller*, 837 F.2d 84, 88 (2d Cir. 1988) (internal citations omitted). Far from being nefarious, the Government was and remains obligated to protect the secrecy and integrity of its ongoing investigation. *See, e.g.*, Fed. R. Crim.

---

[2] Or, potentially, by the filing of a civil claim, should one exist, that survives a motion to dismiss and proceeds to discovery.

P. 6(e). That obligation continues even where the mere existence of an investigation, or some aspects of that investigation, become publicly known. In the Government's prior briefing in this Part I matter, the Government, consistent with the secrecy attendant to grand jury investigations and the Government's concerns that revealing information about the methods and contours of the investigation could impair its integrity, responded to the Movants' various requests for relief without publicly disclosing details of the investigation. That includes, as relevant here, not publicly listing all the search warrants that the Government had previously covertly executed, all of which were subject to court-authorized non-disclosure orders and none of which were at issue in the litigation regarding the appointment of a Special Master. The Government refrained from publicly disclosing details of the investigation, and continues to do so, for the same reasons that this Court denied production to the Movants of the affidavit (the "Affidavit") submitted in support of the issuance of the search warrant dated November 5, 2021 that is the focus of this Part I matter and that Judge Cave ruled should remain sealed: to protect the ongoing grand jury investigation. *See In re Search Warrant dated Nov. 5, 2021*, No. 21 Misc. 813 (AT) (SLC), 2021 WL 5830728, at *5-6 (S.D.N.Y. Dec. 7, 2021); Order (Dkt. No. 42), *In re Search Warrant dated Nov. 5, 2021*, No. 21 Misc. 813 (AT) (S.D.N.Y. Nov. 23, 2021); *see also United States v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995); *United States v. Kolfage*, No. 20 Cr. 412 (AT), 2020 WL 7342796, at *12 (S.D.N.Y. Dec. 14, 2020) (denying motion to unseal affidavit because, among other reasons, the "information, if disclosed, could hamper the investigation").

Contrary to the Movant's allegations, the Government did not mislead this Court or any other Court about its prior covert investigative steps, nor is there any indication of an intent to deceive. The Government disclosed many of its covert investigative steps in the *ex parte* context of the Affidavit, including each email search warrant it had obtained pursuant to the SCA in this investigation. (*See* Aff. ¶¶ 8-16.) As this Court is aware, the Affidavit was repeatedly referenced in the Government's prior briefing in this matter (*see* Gov't Opp'n 1-4, 7, 12 (Dkt. No. 29)), and the Government offered to provide it to this Court on an *ex parte* basis (*see id*. at 4). The Government provided a copy of the Affidavit to the Special Master, *ex parte*, on December 13, 2021. The Government also described the email search warrants and certain other covert investigative steps in an *ex parte* letter submitted to the Special Master, at the Special Master's invitation, on December 29, 2021. Finally, in the context of litigation to unseal the Affidavit before Judge Cave and this Court, the Government provided to Judge Cave a copy of the Affidavit, *see In re Search Warrant dated Nov. 5, 2021*, 2021 WL 5830728, at *8 ("the Court has carefully examined the Materials [which include the affidavit]"), and the Government understands that the Affidavit is currently before this Court in connection with its review of Judge Cave's report and recommendation. Thus, the Movants' claims that the Government misled the Court are baseless.[3]

*Fourth*, the Movants question the Government's extension of certain non-disclosure orders and speculate that the Government may not have been forthcoming with the Magistrate Judges

---

[3] The Government did not have any obligation to disclose to the Movants the existence of the legal process referenced in the motion. Each warrant, order, and subpoena referenced by the Movants was subject to a judicially-authorized non-disclosure order. Of course, the Movants, like any subjects of a federal grand jury investigation, would *like* to know about every investigative step the Government is taking during the course of a criminal investigation, but that is not the law, for good reason.

who granted those extensions. (Mot. 10.) The Movants' speculation is unfounded. In each of its applications to extend non-disclosure orders after the execution of the search warrant at issue in this Part I matter, the Government disclosed, among other things, that the existence of the investigation and certain overt investigative steps, including the execution of search warrants for electronic devices, were known to the subjects of the investigation. But, as the Magistrate Judges who issued the orders extending the non-disclosure orders apparently found, just because a subject of an investigation is aware of the fact of an investigation or certain overt steps taken during that investigation does not mean that non-disclosure orders regarding *other* as-yet-unknown investigative steps are somehow improper. And, in any event, the propriety of the non-disclosure orders, which have since expired or been terminated, is not before this Court.

For the foregoing reasons, O'Keefe and Project Veritas's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Jacqueline Kelly
Robert B. Sobelman
Mitzi Steiner
Assistant United States Attorneys
(212) 637-2456/2616/2284