

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<em>The Silvio J. Mollo Building<br>
One Saint Andrew's Plaza<br>
New York, New York 10007</em>

March 25, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

      The Government respectfully submits this letter in response to James E. O'Keefe, III, and Project Veritas's (the "Movants") letter dated March 24, 2022 (Dkt. No. 66 ("Reply")). The Movants still identify no legal authority to justify the relief they seek. Instead, they level more baseless accusations of Government misconduct. As in its prior letter, the Government does not respond to each and every accusation in the Movants' letter, virtually all of which are irrelevant to the issues before the Court, but writes to correct the record as to certain matters raised. For the reasons set forth in the Government's letter dated March 22, 2022 (Dkt. No. 65 ("Opp'n")) and herein, the motion should be denied.

      *First*, the Movants suggest that the Government "concede[d] that no filter team was used" (Reply 2) in reviewing the contents of certain email accounts obtained in this investigation pursuant to court-ordered search warrants issued under the Stored Communications Act, 18 U.S.C. § 2703. The Movants are wrong. For the reasons set forth in the Government's letter dated March 22, 2022, the Movants are not entitled at this juncture—the pre-indictment phase of an ongoing grand jury investigation—to any information about whether a filter team was used or, if one was used, what protocols that filter team employed. (Opp'n 3.) Accordingly, the Government did not comment in its prior submission about the use of a filter team. However, in order to clarify the record, the Government hereby confirms that a filter team was employed in the review of the contents of the email accounts referenced by the Movants.[1]

---

[1] For the reasons set forth in the Government's prior submission (Opp'n 2-3), there is no legal basis for a *post hoc*, pre-indictment judicial review of the Government's already-completed review process of materials obtained pursuant to judicially-authorized search warrants, and the motion should be denied as groundless. Nevertheless, the Government is prepared to provide additional information to the Court about its filter team or its prior review on an *ex parte* basis if the Court views such information as material to the resolution of the pending motion.

*Second*, the Movants suggest that the Government's investigation of this matter is not, or at some point was not, a valid grand jury investigation. This is incorrect. Since the inception of the Government's investigation, it has been assigned to a duly empaneled grand jury sitting in the Southern District of New York. The Movants also suggest that the grand jury's physical absence on November 24, 2021, somehow calls into doubt the validity of the Government's ongoing grand jury investigation. (Reply 3.) On that date, after learning that Project Veritas's counsel had physically appeared at the grand jury's offices to deliver a letter in response to the subpoena,[2] rather than, as is customary, delivering the letter electronically or by mail, the Government explained to the Project Veritas's counsel by telephone that the grand jury that had been scheduled to sit that day had cancelled that day's session after learning they would not reach a quorum because of a lack of grand juror availability. The Government then offered, consistent with its standard practice, to accept Project Veritas's response to the subpoena electronically or by mail. On November 26, 2021, Project Veritas accepted the Government's offer and submitted its response to the Government electronically. In order to obviate Project Veritas's expressed concern about the physical absence of the grand jury on November 24, 2021, the Government served a second subpoena on November 27, 2021, for the same materials, returnable for a date on which the grand jury was physically present.[3] On December 6, 2021, Project Veritas provided to the Government, electronically, an initial response to the second subpoena, and stated that its counsel was "continuing our review and will supplement our response on a rolling basis," a process which the Government understands remains ongoing.

For the foregoing reasons and those set forth in the Government's letter dated March 22, 2022, O'Keefe and Project Veritas's motion should be denied.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Jacqueline Kelly
Robert B. Sobelman
Mitzi Steiner
Assistant United States Attorneys
(212) 637-2456/2616/2284

---

[2] The Government's letter dated November 21, 2021, opposing Project Veritas's previous request to extend the return date of the grand jury subpoena referenced by the Movants, sets forth additional factual background concerning the subpoena and the interactions between the parties. (Dkt. No. 37.) The Court ultimately denied Project Veritas's request to extend the time in which to respond to that subpoena. (Dkt. No. 40.)

[3] The Movants are correct that the grand jury subpoenas served upon Project Veritas were "electronically generated" and "do[] not refer to any particular grand jury" (Reply 3), as is the case for every grand jury subpoena issued in every grand jury investigation being conducted by this Office. The Movants provide no legal authority suggesting either of those characteristics are somehow improper, and the Government is aware of none.