

**CALLI LAW, LLC**
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

March 26, 2022

<u>**VIA CM/ECF**</u>

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:   <u>In re Search Warrant dated November 5, 2021, Case No. 21-MC-00813 (AT)</u>

Dear Judge Torres:

      This is not a game of cat-and-mouse. Having made a tactical choice to duck the issue in its Opposition (Docket No. 65), the government has filed a sur-reply in which it claims to have "employed" a filter team in the review of the content of Project Veritas journalists' emails surreptitiously obtained from Microsoft through a series of search warrants.  Gov't Sur-Reply (Docket No. 68) at 1.  The government still refuses to reveal what this filter team was tasked to "filter," and insists that this all makes no difference now that the review is complete and the investigative team is in possession of the emails.  *Id.* & n.1.

      The government's assurance that necessary measures were taken to protect the privileged contents of Project Veritas' emails cannot be reconciled with what we now know about the procedures these government investigators employed when executing search warrants, and the view of the U.S. Attorney's Office filter team about the applicability of the First Amendment and Reporter's Privilege in criminal investigations.

      ***First***, the FBI agents who executed the search warrants at the residences of Project Veritas journalists took photographs, and made recordings of, raw newsgathering materials during the searches and then circulated those materials to prosecutors who continued to view them until the aggrieved journalists filed motions for appointment of a Special Master.  Specifically, the Special Master protocol established by the Court has revealed that the FBI seized, and circulated, nineteen images and recordings from Eric Cochran's mobile telephone, and fifteen images from James O'Keefe's mobile telephone.  One would need to suspend disbelief to accept the notion that the government employed strict filter team measures to protect journalistic privileges when executing the Microsoft warrants, given the investigators' utter disregard of those privileges when executing the Project Veritas warrants.

***Second***, even if the government employed some kind of non-investigative personnel to conduct an initial review of the Project Veritas emails covertly seized from Microsoft, that begs the question of what these personnel were tasked to filter.  We now know that the government filter team reviewing the material designated by the Special Master as responsive to the Project Veritas warrants has stated that the First Amendment and Reporter's Privilege protect ***none*** of: (1) the journalists' notes; (2) photographs of information received from and text messages with sources; (3) recordings of telephone calls with sources; (4) records of journalists' newsgathering activities; and (5) journalists' editorial communications regarding whether the Biden diary story should be published.  If this government filter team that proposes to release to the investigative team all of the above-described newsgathering materials is the same team that was "employed" to review the content of the emails seized from Microsoft, quite clearly that team has no First Amendment element in its filter mechanisms.  Stated another way, if these are the positions taken by the filter team when it is subject to the Special Master's subsequent determination and the ultimate supervision of the Court, what was this filter team releasing to the investigative team when it viewed itself as the sole arbiter?

The government continues to insist that the Court is powerless to do anything about this, especially where the damage has already been done.  Gov't Sur-Reply (Docket No. 68) at n.1 ("there is no legal basis for a post hoc, pre-indictment judicial review of the Government's already-completed review process of materials obtained pursuant to judicially-authorized search warrants").  But the government investigators had already reviewed extensive newsgathering materials, *see supra* at 1, when this Court ordered the termination of that review "[i]n light of the potential First Amendment concerns that may be implicated by the review of the materials seized from Petitioners [and] to protect the public's confidence in the administration of justice." December 8, 2021 Order (Docket No. 12) at 3 (internal quotations omitted).  The very same "inherent authority" that the Court relied upon to afford petitioners the requested relief, *id.* at 2, is not diminished by the fact that the government has completed its access of even greater quantities of protected Project Veritas materials seized from Microsoft.[1]

Indeed, there can be no doubt that courts have supervisory authority where substantial First Amendment concerns are presented by government overreach. *See, e.g., Branzburg v. Hayes,* 408 U.S. 665, 708 (1972). Cloak-and-dagger searches of privileged communications and journalistic material are not sensitive tools. They are government overreach: the proverbial bull in the First Amendment china shop.  The relief requested here is in accord with this principle and modest in its reach.

***Finally***, the government represents in its Sur-reply that "[s]ince the inception of *the Government's investigation*, it has been assigned to a duly empaneled grand jury sitting in the Southern District of New York. Gov't Sur-Reply (Docket No. 68) at 2 (emphasis added).  This is a telling admission that all along this has been, and is, an investigation *by the U.S. Attorney's Office and the FBI*.  That there may have been a record entry made somewhere "assigning" the investigation being conducted by prosecutors and agents to a grand jury, again, begs the actual question.  A grand jury did not seize, or cause the seizure, of Project Veritas emails from Microsoft—the prosecutors and agents did.  A grand jury did not seize, or cause the seizure, of

---

[1] We have learned from Microsoft that the government seized over ***280,000 separate files*** pursuant to the previously secret orders and warrants.

privileged and personal property from the Project Veritas journalists—the prosecutors and agents did.  There was an "assigned" grand jury for the government investigation at issue in *United States v. Eastern Air Lines, Inc.*, 923 F.2d 241 (2d Cir. 1991) that actually returned charges, but that assignment did not render the search warrant executed in that investigation by the FBI a "matter occurring before the grand jury."  *Id.* at 244 ("the government's investigations [were] independent of the investigations by the grand jury").  As explained in Project Veritas' Reply (Docket No. 66), the government may not use the grand jury as a pawn to shroud the entirety of a government investigation in secrecy.  *Id.* at 4.  In all events, if the government has used a grand jury as the vehicle for violating the First Amendment, "[g]rand juries are subject to judicial control and . . . [w]e do not expect courts will forget that grand juries must operate within the limits of the First Amendment as well as the Fifth."  *Branzburg*, 408 U.S. at 708.

It is critical that Project Veritas be granted the preliminary relief requested in its motion in order to prevent continued invasions of its privileges. We respectfully request that the Court enter an Order requiring the government to:

(1) immediately halt access, review, and investigative use of Project Veritas materials that the government obtained from Microsoft (cf. November 12, 2021 Order acknowledging pause in government extraction and review of James O'Keefe's mobile devices);

(2) inform this Court and counsel whether the government filter team conducted a review of the data it seized from Microsoft *on the basis of both attorney-client and journalistic privileges*;

(3) inform this Court and counsel of the identities of any prosecutors, agents, investigators, taint team members, investigative team members, or other agents of the government who have reviewed any data seized from Microsoft, what data they reviewed, and when they reviewed it; and

(4) disclose to the Court and counsel the identity of any other third party to which the government issued demands for Project Veritas data under the Electronic Communications Privacy Act ("ECPA") with or without a non-disclosure order.

Respectfully submitted,

CALLI LAW, LLC

/s/

By: _____

    Paul A. Calli
    Charles P. Short
14 NE 1st Avenue
Suite 1100
Miami, FL 33132
T. 786-504-0911

3

F. 786-504-0912
pcalli@calli-law.com
cshort@calli-law.com

*Admitted Pro Hac Vice*

Harlan Protass
PROTASS LAW PLLC
260 Madison Avenue
22nd Floor
New York, NY 10016
T. 212-455-0335
F. 646-607-0760
hprotass@protasslaw.com

*Counsel for James O'Keefe,*
*Project Veritas and Project*
*Veritas Action Fund*

Benjamin Bar                         Stephen R. Klein
BARR & KLEIN PLLC                    BARR & KLEIN PLLC
444 N. Michigan Avenue               1629 K Street, NW
Suite 1200                           Suite 300
Chicago, IL 60611                    Washington, DC 20006
T. 202-595-4671                      T. 202-804-6676
ben@barrklein.com                    steve@barrklein.com

*Admitted Pro Hac Vice*              *Admitted Pro Hac Vice*

cc:     All Counsel of Record (via ECF)

4