# EXHIBIT G


**CALLI LAW, LLC**
One Flagler Building, Suite 1100
14 Northeast 1st Avenue
Miami, Florida 33132
T. 786.504.0911
F. 786.504.0912
www.calli-law.com

November 6, 2021

Mitzi Steiner  **Via PDF email: Mitzi.Steiner@usdoj.gov**
Assistant United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Robert Sobelman  **Via PDF email:**
Assistant United States Attorney  **Robert.Sobelman@usdoj.gov**
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Jacqueline Kelly  **Via PDF email:**
Assistant United States Attorney  **Jacqueline.Kelly@usdoj.gov**
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Re:   Seizure of James O'Keefe's Cell Phone

Dear Ms. Steiner, Mr. Sobelman and Ms. Kelly:

I am writing on behalf of Project Veritas, and James O'Keefe, both of whom I represent.

By this letter, I request that the government sequester and not access Mr. O'Keefe's cell phone, which it seized this morning. Mr. O'Keefe's cell phone contains attorney-client privileged communications and attorney work product related to this investigation. It also contains attorney-client privileged materials and attorney work product for numerous matters unrelated to the government's inquiry. For example, it contains privileged materials related to Project Veritas's defamation suit against the New York Times. The cell phone contains other materials that are protected by the attorney-client and work product privileges belonging or relating to Mr. O'Keefe individually, Project Veritas, and/or the Project Veritas Action Fund.

In addition to the above-described privileged materials, Mr. O'Keefe's cell phone contains other material protected by the First Amendment that the government must not access, including donor information for Project Veritas and Project Veritas Action Fund, information related to on-

going news investigations unrelated to the government's inquiry, and whistleblower information. The privileged and First Amendment information (hereinafter "Protected Information") may not lawfully be accessed by your office, the FBI, or any so-called "taint team" that the government has assembled, or may plan to assemble, for the purpose of reviewing the seized electronic devices.

The government's seizure of Mr. O'Keefe's cell phone violates The Privacy Protection Act ("PPA"), 42 U.S.C. 2000aa. The PPA generally prohibits the search and seizure of "work product materials" possessed by a person or entity in connection with "a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication." 42 U.S.C. 2000aa(a). There is no exception applicable on the present facts.

Likewise, the PPA's prohibition on the search and seizure of non-work product materials is applicable. The general rule for non-work product materials under the PPA is that "documentary materials, other than work product materials, possessed by a person in connection with a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication, in our affecting interstate commerce" are prohibited from search and seizure in connection with a criminal investigation. 42 U.S.C. 2000aa(b). There is no exception applicable on the present facts.

The seizure also violated 28 C.F.R. 50.10 and the Justice Manual's guidance on that regulation. 28 C.F.R. 50.10 states that the government's use of subpoenas and search warrants "to seek information from, or records of, non-consenting members of the news media [are] extraordinary measures, not standard investigative practices." 28 C.F.R. 50.10(a)(3). The government must obtain high level approvals before seeking a search warrant on a member of the news media like Mr. O'Keefe, and the member of the news media should be given "reasonable and timely notice" of the high level determination. 28 C.F.R. 50.10(e)(2)(i). The exceptions are not applicable. Moreover, you are aware I was willing to accept service of a grand jury subpoena on behalf of Mr. O'Keefe (as I did for Project Veritas) and rather than pursue less First Amendment intrusive means, the government chose to execute a search warrant. This contravenes the policy preferences articulated in both 28 C.F.R. 50.10(a)(3) and the corresponding guidance in Justice Manual 9-13.400.

I also request that the government sequester and not access devices seized from Spencer Meade and Eric Cochran earlier this week. Both individuals are former employees of Project Veritas, and the devices seized from them may contain some of the same attorney-client, work product and First Amendment information described above that is the protected property of Project Veritas.

So that we may take appropriate action, please provide forthwith:

1. A copy of the warrants by which electronic devices were seized from Mr. O'Keefe, Mr. Meade and Mr. Cochran;

2. A copy of the search warrant affidavits for the foregoing; and

3. A description of the government's efforts to comply with the requirement of 28 CFR 50.10 and J.M. 9-13.400, including but not limited to:

      a.      Whether the government obtained approval from senior DOJ officials prior to applying for the search warrants,

      b.      If not, why it did not,

      c.      Whether this matter was submitted to DOJ's News Media Review Committee,

      d.      And if not, why not.

It is imperative that you acknowledge this request immediately and provide written assurances that the government will sequester and not access the seized electronic devices. Should you decline this request, or fail to respond within twenty-four (24) hours, we will seek immediate judicial intervention.

                                                            Sincerely,

                                                           Paul A. Calli
                                                           Chas Short