May 13, 2022

*VIA ECF*

Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *In re Search Warrant dated November 5, 2021*,
          Case No. 21-MC-00813 (AT)

Dear Judge Torres,

The ACLU writes to express its support for the Objections filed by Intervenor Reporters Committee for Freedom of the Press ("Reporters Committee") in response to Magistrate Judge Cave's Opinion and Order of December 7, 2021, ECF No. 47 ("Order"), declining to unseal the search warrant application, supporting affidavit, return, or any other related judicial documents filed in connection with the November 5, 2021 search warrant executed at the residence of James O'Keefe, founder of Project Veritas, on or about November 6, 2021 (collectively, the "Search Warrant Materials"). The ACLU also supports the Reporters Committee's request, in the alternative, that the Order be modified to require the Government to move to unseal the Search Warrant Materials immediately upon the conclusion of its investigation and to keep the Court apprised of the status of its investigation in the interim.

As Judge Cave correctly determined, the Search Warrant Materials are judicial documents subject to a strong presumption of public access under the common law. Order at 9. Judge Cave concluded, however, that the government's asserted interest in protecting the integrity of an ongoing grand jury investigation, as well as its asserted interest in protect the privacy of uncharged individuals named in the Search Warrant Materials, outweigh the public's interest in accessing much of the information contained therein. Order at 16–17. Judge Cave also ruled that the nature and extent of redactions necessary to omit the protected information would render the Search Warrant Materials "unintelligible" and "more likely to mislead than to inform the public." Order at 18.

A significant amount of new information about the government's investigation has become public since Judge Cave issued her Order. On December 17, 2021, *The New York Times* published an extensive account of the basis for the government's investigation, including the



AMERICAN CIVIL LIBERTIES UNION FOUNDATION

National Office
125 Broad Street, 18th floor
New York NY 10004
(212) 549-2500
aclu.org



identities of several individuals involved in the investigation. Michael S. Schmidt & Adam Goldman, *Tracking How Project Veritas Obtained Diary of Biden's Daughter*, N.Y. Times, Dec. 17, 2021, at A1, *available at* https://nyti.ms/3rZSetJ. The *Times*' reporting was informed by "[e]xtensive interviews with people involved in or briefed on the investigation and a review of court filings, police records and other material." *Id.* On March 21, 2022, the *Times* published a lengthy follow-up article, with new information "[d]rawn from interviews, court filings and other documents," that "further fleshed out" its account of the facts behind the investigation and identified other involved individuals. Michael S. Schmidt & Adam Goldman, *Tracking Route of Biden Diary to Provocateur*, N.Y. Times., Mar. 21, 2022, at A1, *available at* https://nyti.ms/37MzDuy. And, on March 22, 20222, redacted copies of several electronic surveillance orders against Project Veritas were publicly disclosed in filings before this Court. *See* Letter Motion of March 22, 2022, ECF. No. 64, and attached exhibits; *see also* Michael S. Schmidt & Adam Goldman, *Project Veritas Claims the Justice Department Secretly Seized Its Emails*, N.Y. Times, Mar. 23, 2022, at A16, *available at* https://nyti.ms/3rZ0rhU.

The Reporters Committee's Motion to Unseal must be considered in light of these disclosures. "The strong presumption of public access forces district courts to be cognizant of when the reasons supporting sealing in a specific case (if any are found) have either passed or weakened, and to be prepared at that time to unseal [documents] and allow public access. Even if a sealing order was proper at the time when it was initially imposed, the sealing order must be lifted at the earliest possible moment when the reasons for sealing no longer obtain." *In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001).

Even if Judge Cave's Order were correct when it was issued, the light subsequently shed on the government's investigation may have diminished the need for continued secrecy with respect to substantial portions of the Search Warrant Materials, making redaction more feasible than it might have appeared previously. If it is feasible to unseal the Search Warrant Materials with appropriate redactions, then that is what this Court should do. *See United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009) ("To the extent that compelling reasons exist to deny public access to the subject affidavits, the limitation should not be broader than necessary." (collecting cases)).

The ACLU respectfully submits that this Court should reassess whether blanket sealing of the Search Warrant Materials is still justified given the amount of public information now available about the government's investigation. We appreciate the Court's attention to this matter.

Respectfully submitted,

*s/ Brian Hauss*
Brian Hauss
Brett Max Kaufman
American Civil Liberties
 Union Foundation
125 Broad Street, 18th Floor
New York, New York 10004
(212) 549–2500
bhauss@aclu.org
bkaufman@aclu.org



CC: All Counsel of Record (ECF)