
**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 24, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

      The Government respectfully submits this letter pursuant to the Court's order dated May 24, 2022 (Dkt. No. 80), and in response to (1) the objections filed on December 20, 2021 (Dkt. No. 49 ("RCFP Br.")), by the Reporters Committee for Freedom of the Press (the "RCFP") to the December 7, 2021 opinion and order issued by the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York, *see In re Search Warrant dated November 5, 2021*, No. 21 Misc. 813 (AT) (SLC), 2021 WL 5830728 (S.D.N.Y. Dec. 7, 2021), and (2) the *amicus curiae* letter filed by the American Civil Liberties Union (the "ACLU") on May 13, 2022 (Dkt. No. 75-1 ("ACLU Ltr.")).[1]   For the reasons set forth below, the RCFP's objections should be overruled and the ACLU's arguments should be rejected.

**I.**      **The Search Warrant Materials Should Remain Sealed**

      **A.**  **Judge Cave's Findings Have A Strong Factual and Legal Basis**

      The RCFP argues that Judge Cave erred in denying the motion to unseal the Search Warrant Materials.[2]  (RCFP Br. 8-14.)  The RCFP is incorrect.  The Government's submission to Judge Cave, taken together with contents of the Search Warrant Materials, provided an ample basis for Judge Cave's conclusion that continued sealing is justified.

---

[1]      Unless otherwise noted, all alterations and internal quotations or citations are omitted.

[2]      The "Search Warrant Materials" consist of "the search warrant application, supporting affidavit, return, and any other related judicial documents filed in connection with the Search Warrant" that was "executed at the residence of James E. O'Keefe, III, the founder and Chief Executive Officer of Project Veritas, in connection with an ongoing federal grand jury investigation."  *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *1.

*First*, the RCFP argues that Judge Cave's ruling has an insufficient basis because the Government "did not provide the Magistrate Judge with an affidavit or otherwise set forth facts necessary to support" her findings. (RCFP Br. 9.)  This argument is meritless.  As an initial matter, the RCFP ignores Judge Cave's *in camera* review of the Search Warrant Materials themselves. Those materials provide, among other things, an overview of the Government's investigation preceding the submission of those materials (*see, e.g.*, Aff. ¶¶ 8-17) and a factual summary of the evidence gathered at that point in the investigation, including the identification of both the sources of that evidence as well as the investigative methods used to obtain it (*see, e.g.*, *id.* ¶¶ 18-49). Based on that review, Judge Cave observed, for example, that the Search Warrant Materials "contain considerable detail about individuals who may have already provided information to the Government—voluntarily or involuntarily—such that unsealing of the [Search Warrant] Materials could subject them to witness tampering, harassment, or retaliation."  *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *6.  Even a cursory *in camera* review of the Search Warrant Materials will confirm that Judge Cave had an ample factual and legal basis to resolve the RCFP's motion without additional *ex parte* submissions.

Indeed, the RCFP cites no precedent suggesting that where the lengthy and detailed sworn documents that are the subject of an unsealing request are available to the Court for *in camera* review, the Government must also provide a separate affidavit or other evidence to support a request for continued sealing.  (*See* RCFP Br. 8-9.)  Although the Government submitted additional materials on an *ex parte* basis in *United States v. All Funds On Deposit*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009) and *United States v. Cohen*, 366 F. Supp. 3d 612, 623-24 (S.D.N.Y. 2019), and the courts in those cases appropriately relied on those materials, neither case establishes a requirement that the Government *must* submit additional materials to justify continued sealing. Where, as here, the Government has met its burden to justify continued sealing based on the contents of the sealed materials themselves and the factual and legal arguments articulated in publicly filed briefs, no more is required.

*Second*, the RCFP contends that certain of the factors identified by Judge Cave as supporting continued sealing are "generic law enforcement and privacy interests" that are insufficiently "specific" to the circumstances presented.  (RCFP Br. 9.)  The RCFP's claims are unfounded.  As an initial matter, it is of no consequence that many of the factors that strongly support continued sealing in this instance likely would apply to other ongoing grand jury investigations in which no public charges have been filed.  Indeed, despite the numerous briefs filed in this matter, neither the RCFP nor the ACLU have been able to identify any instance in which a federal court granted the extraordinary relief they seek: the wholesale unsealing of a search warrant affidavit and related materials in the context of an ongoing grand jury investigation in which no public charges have been filed.  Moreover, the requirement that a court must make specific findings supporting sealing does not mean that the findings must be unique to that particular case.

Here, nevertheless, Judge Cave's findings were sufficiently specific to justify continued sealing of the Search Warrant Materials.  With respect to law enforcement interests, Judge Cave found, among other things, that "the pendency of the Government's ongoing grand jury investigation into potential federal crimes is a substantial countervailing factor weighing against" unsealing.  *See In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *5.

Judge Cave explained that disclosure "to the subjects" of the investigation of "the evidence obtained by the United States prior to the searches, and the information which . . . other individuals had provided" would "create[] the risk that they could conceal or destroy other evidence, influence information and testimony given by others, and otherwise delay and obstruct the Investigation." *Id.* at \*6. Moreover, unsealing the Search Warrant Materials may subject individuals who "have already provided information to the Government" to "witness tampering, harassment, or retaliation." *Id.* These specific findings, which Judge Cave made clear were a result of her *in camera* review of the Search Warrant Materials, amply support Judge Cave's conclusion that "the law enforcement interests relating to the ongoing grand jury Investigation are a strong countervailing factor to be weighed against the presumption of access." *Id.*

With respect to privacy interests, Judge Cave found, among other things, that "the nature and degree of the injury to third parties' privacy interests" would be "very significant" if the Search Warrant Materials were unsealed. *Id.* at \*7. In so finding, Judge Cave noted that the Search Warrant Materials reference "a number of individuals" and that "[t]heir conduct in relation to the alleged criminal activity is described in considerable detail." *Id.* Judge Cave further expressed concern that, because of the "measurable possibility that the individuals named in the [Search Warrant] Materials may have provided, or will provide, information or testimony before the grand jury," continued sealing was justified to "avoid impeding the important role of confidential informants and cooperating witnesses." *Id.* In addition, Judge Cave noted that the subject matter of the Government's investigation—which involves "potential criminal activity relating to the transmission of personal information about a private citizen"—further supports continued sealing, in light of the "personal information" about "the victim of the alleged criminal activity" that is contained within the Search Warrant Materials. *Id.* These specific findings, each of which is directly tied to the particular circumstances presented, provide a firm foundation for Judge Cave's conclusion that "the privacy interests of innocent third parties . . . is an important countervailing factor against granting public access." *Id.*[3]

## B. News Reporting and Court Filings By Private Litigants Do Not Undermine Judge Cave's Findings or Conclusions

The RCFP and the ACLU both suggest that filings and statements by private litigants, such as Project Veritas and James E. O'Keefe, III, and public reporting about the Government's investigation undermine the aforementioned justifications for continued sealing. (RCFP Br. 10-11; ACLU Ltr. 1-2.) They are wrong. As an initial matter, the Government has not endorsed or agreed in any way with the unsworn assertions made in public filings and statements by Project Veritas and O'Keefe. Indeed, the Government has made clear that many of those assertions are false or inaccurate. (*See, e.g.*, Dkt. No. 74 at 3 n.3.) It simply cannot be that assertions of private litigants about facts potentially implicated by an ongoing grand jury investigation can support the unsealing of sworn documents filed in connection with that investigation, especially where, as here, many of those assertions are false or inaccurate and there are numerous compelling law enforcement and

---

[3]     The RCFP's purported interest in learning whether the Search Warrant Materials discussed the potential applicability of the Privacy Protection Act, 42 U.S.C. § 2000aa *et seq*. (RCFP Br. 12-13), has no bearing on the sealing analysis and the RCFP fails to cite any authority suggesting otherwise.

privacy interests that justify continued sealing.  Indeed, the RCFP and the ACLU cite no authority to suggest otherwise.

With respect to public reporting, the RCFP's and the ACLU's premise is deeply flawed. Even if the public reporting to which the RCFP and the ACLU refer were accurate—on which the Government has not commented and will not comment here—there is a vast gulf between a news outlet reporting a particular fact and the Government disclosing that fact as gathered through an ongoing grand jury investigation, revealing how it came to learn of that fact, and describing its evidence of that fact.  *See, e.g.*, *United States v. Smith*, 985 F. Supp. 2d 506, 531-32 (S.D.N.Y. 2013) (rejecting argument that "media reports already hav[ing] revealed the Government's cooperating witness" might justify public disclosure of government materials that would "officially confirm who some of the cooperating witnesses are").  Neither the RCFP nor the ACLU cite any authority suggesting that, merely because there has been public reporting about an aspect of an ongoing grand jury investigation, in which no public charges have been filed, such reporting automatically renders any similar (or contradictory) information contained in sealed documents subject to public disclosure.  Such a rule would be both nonsensical and unworkable.  *Cf. Wilson v. CIA*, 586 F.3d 171, 186-87 (2d Cir. 2009) (Under the Freedom of Information Act, "the law will not infer official disclosure of information classified by the CIA from (1) widespread discussion of a classified matter, (2) statements made by a person not authorized to speak for the Agency, or (3) release of information by another agency, or even by Congress."); *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983) ("Even if a fact . . . is the subject of widespread media and public speculation, its official acknowledgment by an authoritative source might well be new information that could cause damage to the national security.").

## C.  The Government's Public Filings Do Not Undermine Judge Cave's Findings or Conclusions

The RCFP suggests that the Government's limited statements about the nature and status of the investigation made in public filings undermine Judge Cave's ruling.  (RCFP Br. 10-11.) Principally, the RCFP focuses on general statements about the status of the Government's investigation, such as an acknowledgement that the Government has established—but not publicly disclosed—"the identity of the individuals whom Project Veritas has characterized as its 'sources' through the evidence gathered in its investigation."  (RCFP Br. 10 (quoting Dkt. No. 29 at 11).) This statement provides no basis to unseal any portion of the Search Warrant Materials or compel the Government to disclose the identity of those individuals.  Similarly, the RCFP points to the Government's explanation that it has "approached multiple individuals as part of the investigation."  (*Id*. (quoting Dkt. No. 29 at 20).)  This is also of no use to the RCFP's argument, as it merely underscores how the Search Warrant Materials—which include the names and other information about those individuals—must remain under seal in order to protect the law enforcement and privacy interests that would be harmed if those individuals' identities were released and/or publicly confirmed by the Government.  The Government's careful, general statements about the investigation made for the Court's benefit in litigation should not be taken as

some kind of general waiver to continued sealing, and the RCFP cites no authority supporting a contrary conclusion.[4]

## II.    Judge Cave Did Not Order Indefinite Sealing

The RCFP construes Judge Cave's order as failing to provide for an opportunity to revisit the sealed status of the Search Warrant Materials if and when the circumstances materially change such that some portion of those materials may properly be unsealed.  (RCFP Br. 14-15.)  The RCFP, however, misreads Judge Cave's ruling.  Judge Cave specifically acknowledged that "the sealing of the [Search Warrant] Materials is likely not indefinite," and explained, by reference to the Government's statements at oral argument, that the Search Warrant Materials' status would "warrant revisiting" if "charges are brought" or "if the grand jury Investigation is closed without any criminal charges being filed."  *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *8.  Accordingly, the RCFP's concerns regarding indefinite sealing absent adequate justification are unfounded.

## III.    Judge Cave's First Amendment Analysis Was Correct

In its motion before Judge Cave, the RCFP argued that it had the "right to inspect the Search Warrant Materials under both the First Amendment and common law" and that "the First Amendment provides an additional, independent basis for unsealing the Search Warrant Materials."  (Dkt. No. 34-1 at 1 & n.1.)  However, the RCFP asked Judge Cave to "not reach the First Amendment issue" in a strategic attempt to avoid an adverse ruling on that issue, which it knew was compelled by the prevailing case law in this Circuit.  (*Id*. at 1 n.1.)  However, after the Government briefed the issue in its opposition (*see* Dkt. No. 35 at 11-13) because the RCFP had raised the issue in its motion, the RCFP forfeited its opportunity to respond to the Government's argument by expressly declining to do so in its reply brief (*see* Dkt. No. 43-1 at 10).

Judge Cave correctly viewed the RCFP's strategic ploy as a "tacit recognition of the controlling precedent in this Circuit declining to recognize [a First Amendment] right in the context of search warrant materials in an ongoing criminal investigation."  *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *9 (citing cases).  As is evident from the RCFP's most recent submission (*see* RCFP Br. 15-20), it has still been unable to identify any case recognizing such a right in this context.  As explained in the Government's briefing before Judge Cave (*see* Dkt. No. 35 at 11-13), numerous courts throughout this Circuit, and at least two Courts

---

[4]      The RCFP argues, in the alternative, that the Search Warrant Materials should "be released with narrowly tailored redactions."  (RCFP Br. 13.)  However, Judge Cave carefully considered this potential alternative form of relief and correctly determined, based on her *in camera* review of the Search Warrant Materials, that unsealing them, "even in redacted form, cannot be accomplished at this stage without serious risk to the Investigation."  *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *6.  Moreover, redaction of the Search Warrant Materials sufficient to protect the compelling law enforcement and privacy interests that justify continued sealing would "render unintelligible" the unsealed version of the documents and would be "more likely to mislead than to inform the public."  *Id*.  Accordingly, the RCFP's request for alternative relief should similarly be denied.

of Appeals, have carefully analyzed and persuasively rejected the RCFP's argument.  In any event, even if a First Amendment right did attach in this context, the outcome here would be unchanged: such a right would be outweighed by the same risk of interference with an ongoing grand jury investigation and the privacy rights of uncharged third parties that justify continued sealing, notwithstanding the common law right of access that Judge Cave found does apply to the Search Warrant Materials.

## IV.    Conclusion

Accordingly, the RCFP's objections should be overruled and the ACLU's arguments should be rejected.[5]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney


By:    /s/
Jacqueline Kelly
Mitzi Steiner
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2456/2284/2616

Cc: Katielynn B. Townsend, Esq. (by ECF)
    Brian M. Hauss, Esq. (by ECF)
    Brett M. Kaufman, Esq. (by ECF)

---

[5]    As explained in the Government's letter dated January 3, 2022 (Dkt. No. 53), the Government respectfully disagrees with Judge Cave's legal conclusions that (1) search warrant applications in ongoing criminal investigations are subject to the presumption of a public right of access under the common law and (2) any such presumption is "strong" with respect to such materials (*see* Dkt. No. 35 at 2-3, 6-7).  *See In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *3-4.