

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 30, 2022

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres:

    The Government respectfully submits this letter pursuant to the Court's order dated September 22, 2022 (Dkt. No. 92), and in response to the letter filed on August 26, 2022, by the Reporters Committee for Freedom of the Press (the "RCFP") (Dkt. No. 91 ("RCFP Ltr.")). Pending before this Court are objections by the RCFP, to which the Government previously responded (Dkt. Nos. 53, 83), to the December 7, 2021 opinion and order issued by the Honorable Sarah L. Cave, United States Magistrate Judge for the Southern District of New York, denying the RCFP's motion to unseal the Search Warrant Materials. *See In re Search Warrant dated November 5, 2021*, No. 21 Misc. 813 (AT) (SLC), 2021 WL 5830728 (S.D.N.Y. Dec. 7, 2021).[1] For the reasons set forth below, the recent public filing of charges against two individuals should not materially affect this Court's analysis of the RCFP's objections. Accordingly, the RCFP's objections should be overruled.

    By way of background, on August 25, 2022, Aimee Harris and Robert Kurlander each waived indictment and pled guilty to one count of conspiracy to commit interstate transportation of stolen property, in violation of 18 U.S.C. §§ 371 and 2314. *See United States v. Harris and Kurlander*, No. 22 Cr. 457 (LTS), Dkt. Nos. 7, 8 (S.D.N.Y. Aug. 25, 2022). In connection with those proceedings, the Government filed an Information that contained certain factual allegations concerning Harris's and Kurlander's conduct (RCFP Ltr. Ex. A) and the Government publicly acknowledged that Kurlander's plea agreement contained a provision requiring him to cooperate with the Government's ongoing investigation.

---

[1]    The "Search Warrant Materials" consist of "the search warrant application, supporting affidavit, return, and any other related judicial documents filed in connection with the Search Warrant" that was "executed at the residence of James E. O'Keefe, III, the founder and Chief Executive Officer of Project Veritas, in connection with an ongoing federal grand jury investigation." *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *1.

    Unless otherwise noted, all alterations and internal quotations or citations are omitted.

The filing of the Information should not alter this Court's analysis of the RCFP's objections because all of the reasons that supported continued sealing of the Search Warrant Materials prior to the filing of the Information remain equally applicable now. As an initial matter, the Government's grand jury investigation remains ongoing as to individuals other than Harris and Kurlander, rendering any premature disclosures of the information contained in the Search Warrant Materials potentially damaging to the Government's continuing investigative efforts. The Search Warrant Materials, which were submitted on an *ex parte* basis in connection with the ongoing investigation, consist almost entirely of several categories of non-public, sensitive information that are not disclosed in the Information, including, among other things, (i) the sources and methods used in the Government's investigation, (ii) a detailed summary of evidence reflecting conduct of individuals who are *not* Harris or Kurlander, and (iii) the identities of numerous persons and/or entities who are *not* Harris or Kurlander.

*First*, the Information makes no reference to the sources or methods used in the Government's ongoing grand jury investigation, several of which are described in detail in the Search Warrant Materials. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) (identifying the law enforcement privilege as worthy of protection to, among other things, "preserve the confidentiality of sources"). For example, the Search Warrant Materials describe certain legal process (*e.g.*, Aff. ¶¶ 8-17, 62 n. 21), witness interviews (*e.g.*, Aff. ¶¶ 18, 23, 29, 40), and other law enforcement methods (*e.g.*, Aff. ¶ 46). None of that information has been made public by the Government in the Information or otherwise. The filing of the Information does nothing to undermine Judge Cave's well-supported conclusion that the disclosure to uncharged subjects of the investigation of "the evidence obtained by the United States prior to the searches, and the information which . . . other individuals had provided" would "create[] the risk that they could conceal or destroy other evidence, influence information and testimony given by others, and otherwise delay and obstruct the Investigation." *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *6.

*Second*, the Information contains only a brief, limited set of factual allegations, while the Search Warrant Materials contain a far lengthier and more detailed discussion of numerous categories of evidence gathered in the Government's ongoing grand jury investigation. In particular, the Information is narrowly focused on Harris's and Kurlander's conduct during a circumscribed time period. By contrast, the Search Warrant Materials pertain to a broader time period and involve the conduct of several individuals who are *not* Harris or Kurlander. (*E.g.*, Aff. ¶¶ 21-46.) In addition, to the extent Harris and/or Kurlander are referenced in the Search Warrant Materials, such references are almost exclusively in the context of facts or evidence that are not disclosed in the Information. (*E.g.*, Aff. ¶¶ 19(a), 19(f), 20(a)-(c), 20(e)-(f), 20(i)-(n).) Law enforcement interests would be irreparably harmed by forcing the Government to publicly disclose such facts and evidence in the midst of its ongoing grand jury investigation. *See In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *5 (concluding that "the pendency of the Government's ongoing grand jury investigation into potential federal crimes is a substantial countervailing factor weighing against" unsealing); *see also, e.g.*, *United States v. Park*, 619 F. Supp 2d 89, 94 (S.D.N.Y. 2009) (holding that the need to "maintain the secrecy of the Government's investigation" outweighed the public's right of access).

*Third*, the Search Warrant Materials identify numerous persons and/or entities by name, while the Information did not identify by name any person or entity aside from Harris and Kurlander. *See In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *7 (explaining that the Search Warrant Materials reference "a number of individuals" and "[t]heir conduct in relation to the alleged criminal activity is described in considerable detail"); *see also Amodeo*, 71 F.3d at 1051 (explaining that privacy interests of third parties "are a venerable common law exception to the presumption of access"). Specifically, as Judge Cave correctly observed, the Search Warrant Materials "contain considerable detail about individuals who may have already provided information to the Government—voluntarily or involuntarily—such that unsealing of the [Search Warrant] Materials could subject them to witness tampering, harassment, or retaliation." *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *6. The Information's limited factual allegations concerning Harris's and Kurlander's conduct provide no basis to unseal documents containing references to other individuals and/or entities who are not identified by name in the Information. *See id*. at *7 (concluding that "the nature and degree of the injury to third parties' privacy interests" would be "very significant" if the Search Warrant Materials were unsealed).

*Finally*, although the Information included limited factual allegations that are also contained in the Search Warrant Materials (*compare, e.g.*, RCFP Ltr. Ex. A ¶ 13 *with* Aff. ¶ 20(d)), the inclusion of those allegations in the Information does not support unsealing the Search Warrant Materials. While that small number of particular factual allegations may no longer implicate the same law enforcement and confidentiality concerns described above and in the Government's prior submissions (Dkt. Nos. 53, 83), even a limited unsealing of just those portions of the Search Warrant Materials is unwarranted for at least two reasons. First, because those factual allegations are already part of the public record by virtue of the filing of the Information, no additional public access purpose would be achieved by their unsealing. *See United States v. Armstrong*, 185 F. Supp. 3d 332, 338 (E.D.N.Y. 2016) ("while alternate sources of information lessen the government interest in secrecy, they also diminish the urgency of the public's need for the sealed materials," and therefore "unsealing duplicative documents does not significantly further the public's interest in information"). Second, because the remainder of the Search Warrant Materials would continue to require sealing for the reasons set forth herein and in the Government's prior submissions, disclosure solely of certain isolated facts contained within a lengthy, detailed set of sealed materials devoid of context "would provide little meaningful information to the public." *Amodeo*, 71 F.3d at 1049. For this same reason, Judge Cave previously concluded that unsealing the Search Warrant Materials with redactions would "render unintelligible" the unsealed version of the documents and would be "more likely to mislead than to inform the public." *In re Search Warrant dated November 5, 2021*, 2021 WL 5830728, at *6.[2]

---

[2] The Government's public acknowledgement that Kurlander's plea agreement contained a provision requiring him to cooperate with the Government's ongoing investigation also offers no reason to unseal any portion of the Search Warrant Materials, as the execution of that plea agreement occurred long after the submission of the Search Warrant Materials, and the substance and nature of Kurlander's cooperation prior to the plea hearing, if any, should remain non-public at least for the duration of the Government's ongoing grand jury investigation (*see* Aff. ¶ 20 n.8). *See, e.g.*, *Armstrong*, 185 F. Supp. 3d at 336-39 (denying motion to unseal letters describing a defendant's cooperation where the individuals' cooperation was already "a matter of public

   In sum, the filing of the Information, which is a public charging instrument that does not reveal all the details of an ongoing grand jury investigation, offers no reason to unseal the Search Warrant Materials, which were submitted to a Magistrate Judge on an *ex parte* basis for the sole and specific purpose of demonstrating probable cause to obtain a search warrant.  For the reasons set forth above and in the Government's prior responses to the RCFP's objections (Dkt. Nos. 53, 83), the RCFP's objections should be overruled.

              Respectfully submitted,

              DAMIAN WILLIAMS
              United States Attorney

          By: /s/
             Jacqueline Kelly
             Mitzi Steiner
             Robert B. Sobelman
             Assistant United States Attorneys
             (212) 637-2456/2284/2616

Cc: Katielynn B. Townsend, Esq. (by ECF)

---

record"); *United States v. Smith*, 985 F. Supp. 2d 506, 534-35 (S.D.N.Y. 2013) (denying public access to materials related to cooperating witness after "official disclosure" that witness was cooperating because "there are other aspects to the ongoing investigations that are unaffected by the official revelation that [the individual] is now a cooperating witness").