**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER

**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
CNN
DAVID BOARDMAN
Temple University
THEODORE J. BOUTROUS, JR.
Gibson, Dunn & Crutcher LLP
MASSIMO CALABRESI
Time Magazine
LYNETTE CLEMETSON
University of Michigan
MANNY GARCIA
Austin American-Statesman
EMILIO GARCIA-RUIZ
San Francisco Chronicle
JOSH GERSTEIN
POLITICO
ALEX GIBNEY
Jigsaw Productions
SUSAN GOLDBERG
National Geographic
GAIL GOVE
NBCUniversal
JAMES GRIMALDI
The Wall Street Journal
LAURA HANDMAN
Davis Wright Tremaine
DIEGO IBARGÜEN
Hearst
JEREMY JOJOLA
9NEWS Colorado
KAREN KAISER
Associated Press
KIMBRIELL KELLY
The Los Angeles Times
DAVID LAUTER
The Los Angeles Times
MARGARET LOW
WBUR
COLLEEN MCCAIN NELSON
The McClatchy Company
MAGGIE MULVIHILL
Boston University
JAMES NEFF
The Philadelphia Inquirer
NORMAN PEARLSTINE
THOMAS C. RUBIN
Stanford Law School
BRUCE W. SANFORD
BakerHostetler, retired
CHARLIE SAVAGE
The New York Times
JENNIFER SONDAG
Bloomberg News
NABIHA SYED
The Markup
ADAM SYMSON
The E.W. Scripps Company
PIERRE THOMAS
ABC News
MATT THOMPSON
The New York Times
VICKIE WALTON-JAMES
NPR
SUSAN ZIRINSKY
CBS News

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, retired*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*
JUDY WOODRUFF, *the PBS NewsHour*

Affiliations appear only for purposes of identification.

VIA ECF

October 6, 2022

The Honorable Analisa Torres
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

    Re: *In re Search Warrant dated November 5, 2021*, 21 Misc. 813 (AT)

Dear Judge Torres,

    The Reporters Committee for Freedom of the Press ("Reporters Committee") respectfully submits this response to the Government's letter of September 30, 2022, which is docketed at ECF No. 95.

    When the Reporters Committee first moved to unseal the Search Warrant Materials, on November 15, 2021, a great deal of information about the Government's investigation was publicly known. *See* ECF No. 34-1 at 7–8; *see also* ECF No. 43-1 at 5–10. Thus, even then, compelling interests could not justify keeping the *entirety* of the Search Warrant Materials under seal. *See id.* Almost a year has gone by. And, in that time, a huge amount of *additional* information about the scope, targets, factual predicates, and methods of the Government's investigation has become public—both through investigative reporting and the Government's own disclosures in court filings. *See* ECF No. 86 at 1–3; ECF No. 91.

    According to the Government, none of this matters. *See* ECF No. 92 at 1; *see also* ECF No. 83 at 3–5. But, as the Reporters Committee has explained, ECF No. 86 at 2, widespread public knowledge of the details of the Government's investigation necessarily affects whether, and to what extent, compelling law enforcement or privacy interests require any part of the Search Warrant Materials to remain sealed. *See In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 298 (D.C. Cir. 2022) (recognizing that public reports about government's execution of search warrant, including target's acknowledgment of same, "attenuate" privacy interests in secrecy of warrant materials); *Washington Post v. Robinson*, 935 F.2d 282, 291–92 (D.C. Cir. 1991) (holding sealing not warranted when public was already aware, through reporting, of information contained in records). Given everything the public knows (or can infer) about the Government's investigation at this point in time, it is absurd for the Government to continue to argue, as it does, that the Search Warrant Materials cannot be publicly filed even in redacted form. *See CBS, Inc. v. U.S. Dist. Ct. for Cent. Dist. of California*, 765 F.2d 823, 825 (9th Cir. 1985) (explaining that law enforcement interests in continued sealing are diminished when "most of the information the government seeks to keep confidential concerns matters that might easily be surmised from what is already in the public record").

     Indeed, it is obvious that there is no compelling justification for keeping every piece of information in the Search Warrant Materials under seal. Some of the information in the Search Warrant Materials is publicly known, and there is no interest—let alone a compelling one—that could necessitate sealing such information. The Government emphasizes that other information in the Search Warrant Materials is not publicly known, ECF No. 92 at 2, but the law requires that this information, too, be made public—unless there are "compelling reasons to deny access" to it. *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009). If any such reasons existed at the time the Reporters Committee filed its motion to unseal, they simply cannot apply with the same force—or to the same quantity of information—today, considering everything about the Government's investigation that has more recently become public. Simply put, the Government's continued insistence that any publicly filed version of the Search Warrant Materials would require so much redaction as to be "unintelligible" and "more likely to mislead than to inform the public" is belied by the record before the Court, and should be rejected. ECF No. 92 at 3 (quoting *In re Search Warrant Dated Nov. 5, 2021*, 2021 WL 5830728, at *8 (S.D.N.Y. Dec. 7, 2021)).

                                                 Respectfully submitted,

                                                 */s/ Katie Townsend*
                                                 Katie Townsend
                                                 REPORTERS COMMITTEE FOR
                                                 FREEDOM OF THE PRESS
                                                 1156 15th St. NW, Suite 1020
                                                 Washington, DC 20005
                                                 Phone: 202.795.9300
                                                 Facsimile: 202.795.9310
                                                 ktownsend@rcfp.org

                                               *Counsel of Record*

cc:
Counsel of Record (via ECF)