USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __2/6/2025__

**U.S. Department**

*United States A*
*Southern Distr*

*The Jacob K. Javits Fe*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 5, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *In re Search Warrant dated November 5, 2021*, **21 Misc. 813 (AT)**

Dear Judge Torres:

The Government respectfully submits this letter pursuant to the Court's order dated April 16, 2024, in which the Court "direct[ed] the Government to move to unseal the Search Warrant Materials at the close of its investigation." (Dkt. 172 at 11-12).[1] The Government has no objection to unsealing the Search Warrant Materials with redactions to protect third party privacy and law enforcement interests. The Government submits a version of the Search Warrant Materials with redactions proposed for the Court's review, and requests that these materials be received *ex parte* and under seal.

The Second Circuit has held that the public has a qualified right of access to search warrant materials after an investigation is over. *See In re Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990). (*See also* Dkt. 172 at 8-9). The weight to be given the common law presumption of access "must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). After determining the weight of the presumption of access, the Court must "balance competing considerations against it" including, but not limited to "the danger of impairing law enforcement or judicial efficiency" and the "privacy interests of those resisting disclosure." *Id*.

The Second Circuit has identified the law enforcement privilege as an interest worthy of protection, noting that the privilege is designed:

> to prevent disclosure of law enforcement techniques and procedures,
> to preserve the confidentiality of sources, to protect witness and law

---

[1] The Search Warrant Materials constitute "the search warrant application, supporting affidavit, return, and any other judicial documents filed in connection with the November 5, 2021 search warrant" that was "executed . . . at the residence of . . . James O'Keefe." (Dkt. 172 at 1).

>enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.

*Id.* (citing *In re Dep't of Investigation*, 856 F.2d 481 (2d Cir. 1988)). In addition, the court in *Amodeo* found that the voluntary cooperation of persons who may want or need confidentiality "is also often essential to judicial efficiency." 71 F.3d at 1050. Thus, "[i]f release [of a judicial document] is likely to cause persons in the particular or future cases to resist involvement where cooperation is desirable, that effect should be weighed against the presumption of access." *Id.*

The Second Circuit has also held that "[t]he privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure. . . should weigh heavily in a court's balancing equation." *In re New York Reporters Committee Co.*, 828 F.2d 110, 116 (2d Cir. 1987); *see also In re Newsday, Inc.*, 895 F.2d at 79-80. The Second Circuit has identified such interests as "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051. "In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *Id.* (listing "[f]inancial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters" as weighing more heavily against access than conduct affecting a substantial portion of the public). "The nature and degree of injury must also be weighed." *Id.* Finally, in balancing the qualified right of public access against privacy interests, courts must consider "the sensitivity of the information and the subject," and whether "there is a fair opportunity for the subject to respond to any accusations contained therein." *Id.*

Here, the Government has no objection to unsealing the Search Warrant Materials with redactions to protect third party privacy and law enforcement interests. No third parties have informed the Government that they have waived their privacy interests. As such, the names and conduct of all uncharged third parties should remain sealed to protect those legitimate third party privacy interests. *See In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation"); *SEC v. Ahmed*, No. 15 Civ. 675 (JBA), 2018 WL 4266079, at *3 (D. Conn. Sept. 6, 2018) (sealing certain documents based, in part, on privacy interests of a third party).

For the reasons set forth above, the Government requests that the Court permit the redactions proposed by the Government to protect third party privacy and law enforcement interests. In the event the Court grants the Government's request, the Government will promptly file the redacted version of the Search Warrant Materials on the public docket.

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

By: __/s/_____
Jacqueline Kelly
Mitzi Steiner
Robert B. Sobelman
Assistant United States Attorneys
(212) 637-2456/2284/2616

Cc: Counsel of Record (by ECF)

GRANTED.

SO ORDERED.

Dated: February 6, 2025
       New York, New York

_____
ANALISA TORRES
United States District Judge