```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED:  5/29/2026               │
└─────────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Search Warrant dated November 5, 2021,                    21 Misc. 813 (AT)


In re Search Warrant dated November 3, 2021                     21 Misc. 819 (AT)


In re Search Warrant dated November 3, 2021,                    21 Misc. 825 (AT)


**ORDER**

ANALISA TORRES, District Judge:

In November 2021, the Government seized electronic devices from the residences of

Petitioners, James O'Keefe, Spencer Meads, and Eric Cochran—all members of Project Veritas,

an "undercover investigative journalism" organization.  ECF No. 172 at 1 in 21 Misc. 813.  By

order dated April 16, 2024, the Court directed the Government to unseal the search warrant

materials ("Search Warrant Materials" or "the materials")[1] at the close of its investigation.  *Id.*

at 8–9.  After its investigation concluded, and no criminal charges were forthcoming, the

Government sought to file the search warrant materials with redactions "to protect third party

privacy and law enforcement interests."  ECF No. 174 at 1 in 21 Misc. 813.  The next day, before

any opposition was filed, the Court authorized the Government's proposed redactions, *see* ECF

No. 176 in 21 Misc. 813, and the Government filed the redacted materials on the public docket,

---

[1] "Search Warrant Materials" refers to the search warrant application, supporting affidavit, return, and any other judicial documents filed in connection with the November 5, 2021 search warrants executed at the residence of O'Keefe (Case No. 21 Misc. 813), the November 5, 2021 search warrants executed at the residence of Cochran (Case No. 21 Misc. 819), and the November 3, 2021 search warrants executed at the residence of Meads (Case No. 21 Misc. 825).  *See* ECF No. 172 at 1 in 21 Misc. 813; Mem. at 1–2.

*see* ECF No. 177 in 21 Misc. 813.

Spencer Meads moves for reconsideration of the Court's order and requests that all Search Warrant Materials be "unsealed in their entirety, without redactions." Mem. at 1, ECF No. 89 in 21 Misc. 825; *see also* Opp., ECF No. 91 in 21 Misc. 825; Reply, ECF No. 92 in 21 Misc. 825. Meads also requests that the Court "unseal all applications, affidavits, and other judicial documents filed by the Government in connection with the Government's compulsory demands, including secret warrants and 18 U.S.C. § 2703(d) orders, to obtain materials from various service providers." Mem. at 2. Since Meads filed this motion, Meads, Cochran, O'Keefe, and Project Veritas, have notified the Government that they waive their privacy interests in the Search Warrant Materials. *See* Opp. at 1. The Government does not object to removing certain redactions previously applied to the Search Warrant Materials in light of these waivers.

Following an *in camera* review of the materials, and for the reasons stated below, Meads' motion is GRANTED IN PART and DENIED IN PART.

**DISCUSSION**[2]

I.    <u>Legal Standard</u>

A.  Motion for Reconsideration

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the Court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). If the Court "overlooked controlling decisions or factual matters that were put before it on the underlying motion," reconsideration is appropriate. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (per curiam) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.

---

[2] The Court presumes familiarity with the facts and procedural history of this matter as detailed in prior orders. *See, e.g.*, ECF No. 172 in 21 Misc. 813 at 2.

2

1999)).

Because the Court did not afford Meads an opportunity to oppose the Government's proposed redactions, the Court reconsiders its approval of the Government's redactions. *See* ECF No. 176 in 21 Misc. 813. Meads' motion asserts reasons why the Government's motion should not have been granted; accordingly, the Court construes Meads' motion for reconsideration to be a response to the Government's motion to partially seal the Search Warrant Materials. *See* ECF No. 174 in 21 Misc. 813; *see also Allied World Ins. Co. v. Keating*, No. 21 Civ. 58, 2022 WL 538211, at *1 (D. Conn. Feb. 23, 2022).

### B.  Common Law Right of Access

"The common law right of public access to judicial documents is firmly rooted in our nation's history." *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). This presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1048 (2d Cir. 1995)).

First, the Court determines whether the documents are "judicial documents"—that is, documents "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 48–49 (2d Cir. 2019) (citation omitted). Second, "[o]nce the court has determined that the documents are judicial documents," it "determine[s] the weight of that presumption." *Lugosch*, 435 F.3d at 119. "[W]here documents directly affect an adjudication . . . or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citations and quotation marks omitted).

"Like other courts in this [C]ircuit, [the] Court concludes that search warrants and search

warrant materials are entitled to a strong presumption of public access." *United States v. Cohen*, 366 F. Supp. 3d 612, 621 (S.D.N.Y. 2019). "Notwithstanding the presumption of access under . . . the common law, . . . the documents may be kept under seal if 'countervailing factors' . . . so demand." *Lugosch*, 435 F.3d at 124. Such factors include "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *Amodeo II*, 71 F.3d at 1050). If the Court decides that "compelling reasons" require it to deny public access to judicial documents, "the limitation should not be broader than necessary." *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009).

    C. First Amendment Right of Access[3]

The First Amendment affords the public a qualified right to access certain judicial documents. If the First Amendment right attaches, sealing is permitted if "specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Greenwood*, 145 F.4th 248, 255 (2d Cir. 2025) (internal quotation marks and citation omitted). The Second Circuit has not addressed whether a constitutional right of access attaches to search warrant materials, and "the weight of authority in this Circuit has concluded that the First Amendment does not give rise to such a right." *United States v. Mullins*, No. 22 Cr. 120, 2023 WL 3159418, at *4 (S.D.N.Y. Apr. 26, 2023); *see In re San Francisco Chron.*, No. 7 Misc. 256, 2007 WL 2782753, at *2–3 (E.D.N.Y. Sept. 24, 2007) (holding that no First Amendment right of access attaches to search warrant materials); *Cohen*, 366 F. Supp. at 628–31, 633–34 (holding that there is no First Amendment right of access to search

---

[3] In his letter motion, Meads does not specifically argue that the First Amendment right of access applies to the documents at issue. *See generally* Mem. He, however, refers to "First Amendment principles" in his reply brief. *See* Reply at 2.

warrant materials for warrants authorized under Rule 41 of the Federal Rules of Criminal Procedure or 18 U.S.C. § 2703).

The Court finds these decisions persuasive. The Second Circuit has described two approaches to determine whether a First Amendment right of access applies. *See Lugosch*, 435 F.3d at 120. First, under the "logic and experience" approach, the Court considers whether "the documents have historically been open to the public, and [whether] public access plays a significant role in the oversight and function of the judiciary." *In re San Francisco Chron.*, 2007 WL 2782753, at *1. In this case, "there is no traditional right of public access to search warrant materials nor is there a traditional right for the public to attend search warrant proceedings, which are conducted *ex parte*." *Id.* at *2; *see Cohen*, 366 F. Supp. 3d at 628–32 (holding that "neither experience nor logic points to a First Amendment right of access to search warrant materials").

Second, "[t]he First Amendment right of access applies to judicial documents that are 'a necessary corollary of the capacity to attend the relevant proceedings.'" *Greenwood*, 145 F.4th at 255 (quoting *Lugosch*, 435 F.3d at 120)); *see In re N.Y. Times Co. to Unseal Wiretap & Search Warrant Materials (In re N.Y. Times)*, 577 F.3d 401, 409–10 (2d Cir. 2009). No constitutional right of access covers proceedings to obtain search warrants. *See Cohen*, 366 F. Supp. 3d at 632. "History and experience indicate that proceedings to obtain search warrants traditionally involve *in camera* determinations of *ex parte* applications." *Id.* (citing *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988) and *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989)); *cf. In re N.Y. Times*, 577 F.3d at 410 (holding that the First Amendment right of access does not attach to wiretap applications because "there is no question that the public and the press are not permitted to attend the *ex parte*, *in camera* proceedings where wiretap applications are presented to a district judge"); *see also Cohen*, 366 F.

Supp. 3d at 634 ("[A]s in the Rule 41 context, public access to § 2703 warrant materials or proceedings would not play a significant salutary role in the functioning of the investigatory process, where secrecy is the norm to ensure the integrity and effectiveness of a criminal investigation."). Therefore, the Court holds that the First Amendment right of access does not apply to the materials at issue in Meads' motion.

II.    Analysis

Disclosure of the Search Warrant Materials with redactions "strikes an appropriate balance between the strong presumption of public access to search warrant materials and the countervailing interests identified by the Government." *Cohen*, 366 F. Supp. 3d at 623. The Government identifies two countervailing interests justifying its proposed redactions: (1) third-party privacy interests, and (2) law enforcement interests. *See* Opp. at 2–3.

First, "[t]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Amodeo II*, 71 F.3d at 1050–51 (citation omitted). This is particularly the case where the subject matter of the information for sealing is "traditionally considered private rather than public," including medical information and "embarrassing conduct with no public ramifications." *Id.* at 1051 n.1.; *see also id.* ("[C]ourts have the power to insure that their records are not 'used to gratify private spite or promote public scandal' and have 'refused to permit their files to serve as reservoirs of libelous statements for press consumption.'" (citation omitted)). The Court finds that many of the redactions protect the privacy interests of uncharged and/or innocent third parties and approves tailored redactions made for this purpose.

Second, certain law enforcement interests may justify continued sealing, including, as the Government notes, preventing "disclosure of law enforcement techniques and procedures," preserving "the confidentiality of sources," protecting "witness and law enforcement personnel,"

and safeguarding "the privacy of individuals involved in an investigation." ECF No. 174, at 1–2. The Court does not, however, credit the Government's generalized invocations of these law enforcement interests. *See generally* Opp.; *see also Powell v. United States*, No. 19 Civ. 11351, 2022 WL 2188167, at *2 (S.D.N.Y. June 17, 2022) (explaining that the Government bears the burden of asserting the law enforcement privilege and an "assertive, bare bones recital of the law enforcement privilege" is insufficient).

It has now been over one year since the relevant grand jury investigation has closed, *see* ECF No. 87 in 21 Misc. 825, and over four years since the search warrants were executed. Although in some cases, law enforcement interests may persist following the close of an investigation, it is not apparent what interests are served by the heavy redaction of entire pages of the Search Warrant Materials, or how strong the ongoing law enforcement interests are at this juncture. The Government does not, for example, contend that there is an ongoing investigation into any incident or individual described in the Search Warrant Materials, describe what law enforcement techniques should not be disclosed, identify any cooperators whose identities must continue to be protected, or explain how public disclosure of information in the materials would compromise its ability to conduct future investigations. *See generally* Opp.; ECF No. 174 in 21 Misc. 813; *see also United States v. Maxwell*, No. 20 Cr. 330, 2021 WL 1063239, at *2 (S.D.N.Y. Mar. 18, 2021) (holding that sealing was not justified where "the Government advances no non-conclusory basis as to why its investigation at this stage of the matter would be imperiled by the disclosure of the information regarding how it obtained the information in question"). The Court, therefore, finds that the Government's proposed redactions to the Search Warrant Materials, to the extent they are based on unspecified law enforcement interests, are overbroad. *See, e.g., All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 585 (holding that redactions "should not be

broader than necessary").

However, the Court "will give the Government the opportunity to seek more narrowly tailored redactions if it wishes and to specifically justify the ongoing need to redact the request information." *Maxwell*, 2021 WL 1063239, at *2. Accordingly, by **June 22, 2026**, should the Government wish to continue sealing the Search Warrant Materials, it shall re-file the Search Warrant Materials with proposed redactions consistent with this order, and provide the Court with an unredacted copy marked with proposed redactions for *in camera* review. If the Government seeks to justify sealing based on ongoing law enforcement interests, it shall file a supplemental brief identifying with particularity the law enforcement interests served by which of its proposed redactions. To protect sensitive law enforcement information contained therein, the supplemental submission articulating the factual basis for its sealing request may be filed *ex parte* and under seal. *See, e.g.*, *Cohen*, 366 F. Supp. 3d at 618.

Finally, as to Meads' general request that the Government identify and unseal other "legal process" that may have been sought in the course of the investigation—which Meads refers to as "secret warrants" and warrants under 18 U.S.C. § 2703(d)—Meads has identified no legal basis for the Government to disclose to him, an uncharged third party, the contents of legal process sought in the course of a federal grand jury investigation, nor has Meads identified specific documents to which he is entitled. *See* Opp. at 3; Mot. at 2–3. Therefore, the request is denied.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Meads' motion to unseal the search warrant materials. The motion is GRANTED to the extent that (1) Meads, Cochran, O'Keefe, and Project Veritas have now waived their privacy interest in the search warrant materials such that certain redactions previously approved shall be removed; (2) the

Court finds that redactions based on unspecified law enforcement interests are not justified on this record.  The motion is denied in all other respects.  The order at ECF No. 175 in 21 Misc. 813 is VACATED.

By **June 22, 2026**, should the Government wish to continue to maintain the Search Warrant Materials under seal, it shall re-file with the Search Warrant Materials with proposed redactions consistent with this order.  To the extent the Government seeks to justify sealing based on law enforcement interests, by that **same date**, it shall file a supplemental briefing identifying with particularity the ongoing law enforcement interests served by which of its proposed redactions. This submission may be made *ex parte* under seal.  Should the Government no longer wish to maintain the Search Warrant Materials under seal, by **June 22, 2026**, it shall file unredacted copies of the Search Warrant Materials on the public docket.

SO ORDERED.

Dated: May 29, 2026
      New York, New York

_____
ANALISA TORRES
United States District Judge