

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 22, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:   *In re Search Warrant dated November 5, 2021*, **21 Misc. 813 (AT)**
> *In re Search Warrant dated November 3, 2021*, **21 Misc. 819 (AT)**
> *In re Search Warrant dated November 3, 2021*, **21 Misc. 825 (AT)**

Dear Judge Torres:

The Government respectfully submits this letter in response to the Court's May 29, 2026 order (the "May 29 Order" or "Dkt. 181") directing the Government to provide supplemental briefing to the extent it sought to justify sealing based on law enforcement interests in the Search Warrant Materials.[1]  The Government submits a version of the Search Warrant Materials with redactions proposed for the Court's review, and requests that these materials be received *ex parte* and under seal.  As discussed below, the Government has applied limited redactions based on law enforcement interests in the Search Warrant Materials and specifies the ongoing law enforcement interests for those remaining redactions.  In addition, the Government has applied "tailored redactions" in the Search Warrant Materials to protect third-party interests, as authorized by the Court.  (*See* Dkt. 181 at 6).  Finally, the Government has applied redactions to protect personal identifying information in the Search Warrant Materials, as well as the identity of individuals and providers on the basis of grand jury secrecy.  For the reasons set forth below, and the Government's prior letters, *see* Dkt. 174, 21 Misc. 813 (AT); Dkt. 91, 21 Misc. 825 (AT), the Government requests that the Court accept the Government's proposed redactions to the Search Warrant Materials.

### A. Redactions for Law Enforcement Interests

In the May 29 Order, the Court found that the Government's redactions with respect to law enforcement interests were overbroad but provided the Government with "the opportunity to seek more narrowly tailored redactions" and to "specifically justify the ongoing need to redact the request[ed] information."  (Dkt. 181 at 8).  In light of the Court's ruling, the Government seeks to

---

[1] The term "Search Warrant Materials" is defined herein as it is defined in the May 29 Order.  (*See* Dkt. 181 n.1).

maintain limited redactions in the Search Warrant Materials based on law enforcement interests.



In addition, the Government seeks to redact the names of the federal law enforcement officers who signed the search warrant applications. As other courts in this District have found, redacting the names of law enforcement officers on search warrant affidavits—particularly agents who deal in sensitive matters, such as public corruption—serves the purpose of ensuring the integrity of future Government investigations. *See United States v. Cohen*, 366 F. Supp. 3d 612, 623 (S.D.N.Y. 2019) (redacting names of special agents signed to warrant applications in public corruption case); *In re Search Warrant*, No. 16 Mag. 7063, 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) (redacting names of national security special agents signed to warrant, since "i[]nformation regarding their identities could compromise other investigations.").

The Government has outlined redactions based on law enforcement interests below:[2]

| Warrant | Misc. Number(s) | Redactions |
|---|---|---|
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) 21 Misc. 825 (AT) | Pages 1, 2, 62, 102, 108, 110, 115, 120, 122: agent name and/or signature Page 20: paragraph 21, n.8 |
| In re Search Warrant dated November 5, 2021 | 21 Misc. 813 (AT) | Pages 1, 2, 57: agent name and/or signature Page 15-16: paragraph 20, n.8 |

---

[2] The page numbers referenced in the charts below correspond to the page number of the PDF document for each of the warrants, and does not correspond with the numbered pages on the warrants.

**B. Redactions for Third-Party Interests**

In addition, in the May 29 Order, the Court found that many of the redactions proposed by the Government "protect the privacy interests of uncharged and/or innocent third parties," and the Court "approve[d] tailored redactions made for this purpose." (Dkt. 181 at 6).  The Government has reviewed its proposed redactions to ensure that redactions for third-party interests are tailored and are "no broader than necessary" to ensure that "compelling" interest.  (*Id.* at 4 (citing *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009)). Thus, the remaining redactions protect the privacy interests of third parties that have not waived their privacy interests and, as such, fall within "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051.  *See also In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation").

The Government has outlined paragraphs that have been redacted, in whole or in part, on the basis of third-party interests below:

| Warrant | Misc. Number(s) | Redactions |
|---|---|---|
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) 21 Misc. 825 (AT) | • Pages 9-52:[3] paragraphs 8-52<br>• Pages 54-55: paragraph 56<br>• Pages 65-66, 69, 73, 76, 83, 88, 94, 99, 105-106, 112, 118, 124: paragraph B(b)-(f) |
| In re Search Warrant dated November 5, 2021 | 21 Misc. 813 (AT) | • Pages 5-47: paragraphs 6-49<br>• Page 49: paragraph 53<br>• Pages 59-60, 63, 68-69, 74: paragraph B(b)-(f) |

**C. Redactions for Privacy Protections**

In addition, the Government seeks to redact personal identifying information ("PII") of Meads, Cochran, and O'Keefe.  *See generally* Rule 49.1 (a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's . . . birth date . . . or the home address of an individual, a party or nonparty making the filing may include only . . . (2) the year of the individual's birth; [and] . . . (5) the city and state of the home address").

The Government has outlined a list of paragraphs that have been redacted, in whole or in part, on the basis of PII below:

---

[3] The Court denied Meads's request to "'identify and unseal' other 'legal process' that may have been sought in the course of the investigation." (Dkt. 181 at 8).  Accordingly, the Government has also applied limited redactions on that basis, as well as on the basis of third-party interests, to the following paragraphs: In re Search Warrant dated November 3, 2021, pages 10-13, paragraphs 11, 14, and 16-18; In re Search Warrant dated November 5, 2021, pages 7-10, paragraphs 9, 12, and 14-16.

| Warrant | Misc. Number(s) | Redactions |
|---------|-----------------|------------|
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) 21 Misc. 825 (AT) | • Pages 2, 78, 90, 101, 114: caption<br>• Pages 3-8: paragraphs 3-6<br>• Pages 63-64, 71-72, 80-81, 92-93, 103-104, 116-17: paragraph I<br>• Pages 68, 75, 87, 98, 111, 123: para I(A)<br>• Pages 108, 120: address |
| In re Search Warrant dated November 5, 2021 | 21 Misc. 813 (AT) | • Pages 2, 65: caption<br>• Pages 3-4: paragraphs 3-4<br>• Pages 58, 67: paragraph I<br>• Pages 62, 73: paragraph I(A) |

## D. Redactions for Grand Jury Secrecy

Finally, the Government seeks limited redactions on the basis of grand jury secrecy. Specifically, the Government has redacted the name of individuals and electronic service providers that were served with grand jury subpoenas during the pendency of the Government's investigation. *See* Fed. R. Crim. P. 6(e)(6) ("Records, orders and subpoenas relating to grand jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."); *In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15 Misc. 71, 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016) (noting that Rule 6(e)(6) applies to grand jury records after the Defendant has pleaded guilty and that, otherwise, "grand jury secrecy would become an ephemeral protection").

The Government has outlined a list of paragraphs that have been redacted, in part, on the basis of grand jury secrecy below:

| Warrant | Misc. Number(s) | Redactions |
|---------|-----------------|------------|
| In re Search Warrant dated November 3, 2021 | 21 Misc. 819 (AT) 21 Misc. 825 (AT) | Page 14: paragraph 19, n.4<br>Page 25: paragraphs 22-23<br>Page 28: paragraph 25<br>Page 62: paragraph 65, n.21 |
| In re Search Warrant dated November 5, 2021 | 21 Misc. 813 (AT) | Page 57: paragraph 62, n.21 |

For the reasons set forth above, the Court should authorize the Government's tailored redactions to the Search Warrant Materials to protect third-party privacy, law enforcement interests, and grand jury secrecy. In the event the Court grants the Government's request, the Government will promptly file the redacted versions of the Search Warrant Materials on the relevant public dockets.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: ___/s/_____
Mitzi Steiner
Assistant United States Attorney
(212) 637-2284

Cc: Counsel of Record (by ECF)