```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/11/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Search Warrant dated November 5, 2021,                    21 Misc. 813 (AT)

In re Search Warrant dated November 3, 2021,                    21 Misc. 819 (AT)

In re Search Warrant dated November 3, 2021,                    21 Misc. 825 (AT)

**ORDER**

ANALISA TORRES, District Judge:

In November 2021, the Government seized electronic devices from the residences of Petitioners, James O'Keefe, Spencer Meads, and Eric Cochran—all members or former members of Project Veritas, an "undercover investigative journalism" organization.  ECF No. 172 at 1 in 21 Misc. 813.  By order dated April 16, 2024, the Court directed the Government to unseal the search warrant materials (the "Search Warrant Materials")[1] at the close of its investigation.  *Id.* at 8–9.  After its investigation concluded, and no criminal charges were forthcoming, the Government sought to file the Search Warrant Materials with redactions "to protect third party privacy and law enforcement interests."  ECF No. 174 at 1 in 21 Misc. 813.  The next day, before any opposition was filed, the Court authorized the Government's proposed redactions, *see* ECF No. 176 in 21 Misc. 813, and the Government filed the redacted materials on the public docket, *see* ECF No. 177 in 21 Misc. 813.  On May 29, 2026, the Court granted in part and denied in part Meads' motion for reconsideration.  *See* ECF No. 181 in 21 Misc. 813.

Before the Court is the Government's renewed motion to seal.  *See* Gov't Supp. Mot., ECF No. 181 in 21 Misc. 813.  An unredacted copy of the motion, along with revised proposed redactions, was filed *ex parte* and under seal.  For the reasons stated below, the Court approves the Government's proposed redactions.

   I.    Legal Standard

"The common law right of public access to judicial documents is firmly rooted in our

---

[1] "Search Warrant Materials" refers to the search warrant application, supporting affidavit, return, and any other judicial documents filed in connection with the November 5, 2021 search warrant executed at the residence of O'Keefe (Case No. 21 Misc. 813), the November 3, 2021 search warrant executed at the residence of Cochran (Case No. 21 Misc. 819), and the November 3, 2021 search warrant executed at the residence of Meads (Case No. 21 Misc. 825).  *See* ECF No. 172 at 1 in 21 Misc. 813.

nation's history." *Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). "Like other courts in this [C]ircuit, [the] Court concludes that search warrants and search warrant materials are entitled to a strong presumption of public access." *United States v. Cohen*, 366 F. Supp. 3d 612, 621 (S.D.N.Y. 2019). "Notwithstanding the presumption of access under . . . the common law, . . .the documents may be kept under seal if 'countervailing factors' . . . so demand." *Lugosch*, 435 F.3d at 124. Such factors include "'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *United States v. Amodeo* (*Amodeo II*), 71 F.3d 1044, 1050 (2d Cir. 1995)). If the Court decides that "compelling reasons" require it to deny public access to judicial documents, "the limitation should not be broader than necessary." *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 585 (S.D.N.Y. 2009).

II.    Application

Disclosure of the Search Warrant Materials with redactions "strikes an appropriate balance between the strong presumption of public access to search warrant materials and the countervailing interests identified by the Government." *Cohen*, 366 F. Supp. 3d at 623. The Government identifies four countervailing interests its proposed redactions protect: (1) law enforcement interests, (2) third-party interests, (3) personal identifying information, and (4) grand jury secrecy. *See* Gov't Supp. Mot at 1–4. The Government also links each proposed redaction to one of these four interests.

The Court has reviewed the Government's proposed redactions and finds that they are narrowly tailored to protect countervailing interests. First, the Court finds that the Government's supplemental submission identifies with particularity ongoing law enforcement interests that justify sealing, including, preventing "disclosure of law enforcement techniques and procedures," preserving "the confidentiality of sources," protecting "witness and law enforcement personnel," and safeguarding "the privacy of individuals involved in an investigation." *In re Dep't of Investigation*, 856 F.2d 481, 484 (2d Cir. 1988); *see United States v. Amodeo* (*Amodeo I*), 44 F.3d 141, 147 (2d Cir. 1995). In addition, the Court approves redacting the names of law enforcement officers on search warrant affidavits to ensure the integrity of future Government investigations. *See Cohen*, 366 F. Supp. 3d at 623.

Redactions to protect the privacy interests of uncharged and/or innocent third parties are also justified. *See Amodeo II*, 71 F.3d at 1050–51 ("The privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation.") (citation omitted); *In re Search Warrant*, No. 16 Misc. 464, 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("[A] person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation."). Relatedly, the personally identifying information of Meads, Cochran, and O'Keefe, such as birth dates and addresses, shall be redacted.

Finally, the Court approves redacting the names and electronic service providers that were served with grand jury subpoenas during the pendency of the Government's investigation. *See* Fed. R. Crim. P 6(e)(6) ("Records, orders and subpoenas related to grand jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized

disclosure of a matter occurring before a grand jury."); *see also Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218–19 & n.10 (1979) (setting forth reasons for the public's interest in grand jury secrecy); *In re Grand Jury Subpoenas Dated March 2, 2015*, No. 15 Misc. 71, 2016 WL 6126392, at *5 (S.D.N.Y. Oct. 19, 2016) (rejecting the argument that "once an indictment has been returned, there is no longer a public interest in grand jury secrecy").  Meads has not demonstrated a "particularized need" for the information, *United States v. Caparotta*, 890 F. Supp. 2d 200, 209–210 (E.D.N.Y. 2012) (citation omitted); therefore, information connected to the grand jury subpoenas shall remain under seal.

III.    Conclusion

For the aforementioned reasons, the Court APPROVES the Government's proposed redactions to the Search Warrant Materials, shared *ex parte* on June 22, 2026.  By **August 17, 2026**, the Government shall file the redacted versions of the Search Warrant Materials on the public dockets in each of the above-captioned cases.

SO ORDERED.

Dated: August 11, 2026
    New York, New York

_____
ANALISA TORRES
United States District Judge

3